## HAMMERS v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 20, 1922.)

Nos. 3689–3700.

1. **Criminal law &#8658;993—Imposition of void sentence not obstacle to assumption of jurisdiction to impose legal sentence.**

The imposition of a void sentence is not an obstacle to assumption by the court which imposed it of jurisdiction of the convict in order that a legal sentence may be imposed.

2. **Criminal law &#8658;979(2)—Imposition of void sentence does not bar imposing of lawful sentence after expiration of term.**

Where there was a conviction, accompanied by a void sentence, the court's jurisdiction of the case for the purpose of imposing a lawful sentence was not lost by the expiration of the term at which the void sentence was imposed; the case being regarded as pending until disposed of by imposition of a lawful sentence.

3. **Habeas corpus &#8658;30(3)—Imposition of void sentence cannot be attacked after expiration of term.**

One duly convicted, but not sentenced as authorized by law, cannot defeat the court's incompletely exercised jurisdiction over him by attacking a void sentence in habeas corpus proceeding instituted after the adjournment of the term at which such void action was taken.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

---

&#8658;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Riley C. Hammers pleaded guilty to indictments charging violations of the Harrison Anti-Narcotic Act, and brings error from judgment sentencing him to jail. Affirmed.

See, also, 241 Fed. 542.

Joseph N. Morris, of Jacksonville, Fla. (R. E. Stillman, of Jacksonville, Fla., on the brief), for plaintiff in error.

Maynard Ramsey, Asst. U. S. Atty., of Jacksonville, Fla.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. On February 10, 1919, the plaintiff in error, Riley C. Hammers, pleaded guilty to 12 indictments charging violations of the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), and in each of the cases was sentenced to be imprisoned in the United States penitentiary at Atlanta, Ga., for a term of less than one year, beginning from the date of the expiration of a previously imposed sentence which he was serving in the same penitentiary at the time of his above-mentioned convictions on pleas of guilty. On July 21, 1920, the judge of the District Court of the United States for the Northern District of Georgia, in habeas corpus proceedings instituted by Hammers, discharged him from custody under the above-mentioned sentences, and directed that he be delivered to the marshal for the Southern district of Florida, to the end that the sentences entered in said cases might be corrected. On July 29, 1920, Hammers was sentenced, in each of the cases in which he pleaded guilty, to confinement in the jail of Duval county, Fla., for the period of 6 months, beginning July 8, 1920, the date of the expiration of the sentence which he was serving at the time of his convictions on the above-mentioned indictments. Hammers sued out a writ of error to review the above-mentioned judgments of February 10, 1919, and July 29, 1920.

[1-3] A principal contention urged in behalf of the plaintiff in error is that he was not subject to be resentenced at a term of the court subsequent to the one at which he was convicted on his pleas of guilty. The sentences imposed at the time of the convictions were invalid, as the law does not authorize a sentence to imprisonment in a penitentiary for a period less than one year. In re Mills, 135 U. S. 263, 10 Sup. Ct. 762, 34 L. Ed. 107. The imposition of a void sentence is not an obstacle to the assumption by the court which imposed it of jurisdiction of the convict, in order that a legal sentence may be imposed. Where there is a conviction, accompanied by a void sentence, the court's jurisdiction of the case for the purpose of imposing a lawful sentence is not lost by the expiration of the term at which the void sentence was imposed. The case is to be regarded as pending until it is finally disposed of by the imposition of a lawful sentence.

If the invalidity of the sentences had been directly attacked, clearly jurisdiction would have been retained after the expiration of the trial term. In sound reason the case should not be different where the attack is collateral. One duly convicted, but not sentenced as authorized by law, cannot defeat the court's incompletely exercised jurisdiction over him by attacking a void sentence in habeas corpus proceedings

institiited after the adjournment of the term at which such void action was taken. Bryant v. United States, 214 Fed. 51, 130 C. C. A. 491.

This is not a case of a court losing jurisdiction to resentence as a result of a previous imposition of a valid punishment, to which, in whole or in part, the convict was subjected. Hammers was not punished twice for the same offense.

The records do not show any error. The judgments arc affirmed.