**ADERHOLD, Warden, v. PACE.**

**No. 6856.**

Circuit Court of Appeals, Fifth Circuit.

June 28, 1933.

Clint W. Hager, U. S. Atty., and H. T. Nichols, Asst. U. S. Atty., both of Atlanta, Ga., and Ben F. Cameron, U. S. Atty., of Meridian, Miss., for appellant.

B. P. Gambrell, of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal by the warden of the Atlanta penitentiary from an order granting the writ of habeas corpus and discharging William E. Pace, a prisoner, from custody. On his plea of guilty to an indictment which charged him with unlawfully selling on January 11, 1932, "intoxicating liquor, to-wit whiskey," but without alleging the quantity sold, Pace was sentenced to imprisonment in the penitentiary for the period of one year and a day. After serving more than six months, he sued out a writ of habeas corpus, contending that the sentence in excess of six months was void, as it was held to be by the District Judge.

We think the decision was correct. Under the National Prohibition Act (title 2, § 29), the maximum imprisonment authorized for the first offense of selling was six months. 27 USCA § 46. By the Jones Act of March 2, 1929, it was increased to five years regardless of quantity, 45 Stat. 1446; but by the amendment of January 15, 1931, 46 Stat. 1036, the maximum punishment originally provided for a first offense in the event of a sale of not more than one gallon was restored, and was in force in 1932 when Pace made the sale on account of which he was indicted. 27 USCA § 91. Before the amendment of 1931, the severity of the sentence did not necessarily depend on the quantity of liquor sold, and it was therefore held that the quantity need not be alleged in the indictment. Husty v. United States, 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. 629, 74 A. L. R. 1407. But since the adoption of that amendment the quantity alleged to have been sold becomes of vital importance to the defendant. If he sells a gallon or less, he has committed a misdemeanor and cannot be punished by imprisonment exceeding six months

in jail, whereas, if he sells more than a gallon, he has committed a felony, and can still be imprisoned for five years in the penitentiary. The indictment ought therefore to allege whether the sale was of a gallon or less, or of more than a gallon. Without such an allegation, the trial court has no guide for determining the maximum punishment which he is authorized by law to impose. The mere sale of liquor is a misdemeanor; the sale of more than a gallon aggravates the offense into a felony. Any aggravation of an offense for which the law authorizes an increase of punishment must be stated in the indictment. 1 Bishop's Cr. Law, § 601. Mr. Bishop also says that to punish one for all of a crime where only a part of it is charged is to punish him without accusation. 1 Bishop's Cr. Pro. §§ 77, 80, 84. So far as we are aware, there is no authoritative decision to the contrary. Certainly it cannot fairly or justly be said that Pace, because he pleaded guilty to a charge of selling an unnamed quantity of intoxicating liquor, thereby admitted he had sold more than a gallon.

The order appealed from is affirmed.