## BURR v. UNITED STATES.*
### Nos. 5939, 5940.

Circuit Court of Appeals, Seventh Circuit.
Nov. 5, 1936.

Rehearing Denied Dec. 7, 1936.

John Elliott Byrne and Lewis F. Jacobson, both of Chicago, Ill., for appellant.

Michael L. Igoe, U. S. Atty., E. Riley Campbell and Austin Hall, Asst. U. S. Attys., all of Chicago, Ill., and Earl C. Crouter, Atty., Department of Justice, of Washington, D. C., for the United States.

Before EVANS, and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

An indictment consisting of two counts was returned against Joseph Burr on August 30, 1935. The first charged the defendant with attempting to defeat and evade his income taxes for the year 1929, and the second contained a like charge with reference to his income taxes for 1930. To this indictment Burr entered a plea of not guilty; but, subsequently, on

*Writ of certiorari denied 57 S. Ct. 507, 81 L. Ed. —.

May 15, 1936, he withdrew this plea, and pleaded guilty to the first count. The second count was nolled. Later, on May 19, 1936, the court sentenced Burr to three months in jail. Execution of the sentence was temporarily stayed, and on May 25, 1936, Burr applied for admission to probation. His petition was denied. Subsequently, on June 8, 1936, the defendant, Burr, filed a petition for "suspension of sentence and stay of execution." The District Court denied this petition, but allowed a further stay of execution.

Burr prosecutes two appeals—one No. 5939 from the order of May 19, 1936, which imposed a sentence upon his plea of guilty, and the other, No. 5940, from the order of June 11, 1936, denying his petition to suspend sentence.

■ The appeal from the judgment order of May 19th was not taken until June 15th, and was therefore in violation of rule 3 of the Supreme Court, which provides that an appeal shall be taken within five days after entry of judgment of conviction (with certain exception not here material). The fact that execution of the judgment had been stayed from time to time would not avoid the necessity of compliance with this rule. Unless the appeal is timely taken this court acquires no jurisdiction.

The question presented by the appeal in No. 5940 from the order of June 11th, denying the petition to "suspend sentence," presents a narrow question.

The Probation Act § 1, 18 U.S.C.A. § 724, provides that: "when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby [they] shall have power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best."

■ We know of no instance wherein the court may permanently suspend sentence or the imposition of sentence except by virtue of the terms of the Probation Act. Ex parte U. S., 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129, L.R.A.1917E, 1178, Ann. Cas.1917B, 355; U. S. v. Wilson (C.C.) 46 F. 748; People ex rel. Smith v. Allen, 155 Ill. 61, 39 N.E. 568, 41 L.R.A. 473.

Consequently, the petition for suspension of sentence can only be appropriate in connection with an application for admission to probation, and an appeal from the court's order denying the same is reviewable by this court on the single question of abuse of discretion by the District Court.

■ It is not contended in appellant's printed briefs or upon oral argument that the District Court in any sense abused the discretion in it vested, by failing to place the defendant upon probation, but the entire argument concerns itself with the authority of the District Court to enter any judgment upon the plea of guilty, because of an asserted compromise made by the defendant with the executive department of the government, concerning a settlement of his liability for income taxes for the years 1927 to 1930, inclusive. The defendant asserts that he fully compromised his civil and criminal liability in pursuance of the provisions of section 3229 of the Revised Statutes, 26 U.S.C.A. § 158 (1928 Edition), see 26 U.S.C.A. § 1661 and note. He submitted to the Executive Department of the government the following offer in compromise: "To secure the release of the proponents from the liabilities resulting from the violation or failure above specified, the total sum of $75,301.62 and a plea of guilty by each proponent will be entered by him on the first count of the indictment against him; which said sum and pleas are hereby tendered voluntarily with request that they be accepted in compromise of all the civil and criminal liabilities of the said proponents for the years 1927 to 1930, inclusive, and the other counts of the indictments dismissed." The Attorney General wired: "Offer accepted March 6, subject to entry of pleas" (the offer and acceptance related to defendant and others). Following this it appears that the defendant paid to the collector of internal revenue the sum offered, and entered his plea of guilty to the first count as indicated, whereupon the second count was nolled. Appellant contends that the District Court should have imposed no sentence upon the plea of guilty for the reason that the entire controversy had been settled. He makes no contention that the plea of guilty was entered under any misapprehension or misunderstanding on his part and at no time has he sought to withdraw his plea of guilty, but he objects only to the penalty imposed thereon.

504

Upon this plea of guilty there was nothing that the District Court could properly do, except take appropriate action. The plea of guilty called for and necessitated action by the District Court. The court could not close the case with a plea of guilty dangling in the air. Judge Sullivan correctly stated the question to be: "Has the court any power or jurisdiction to impose sentence in this type of case on a plea of guilty * * * ?" His answer was in the affirmative. We likewise answer in the affirmative, with the further observation that he not only had the power but that it was his duty to do so and he was without power to do otherwise. He had no authority to permanently suspend the imposition of sentence and, likewise, no authority to permanently suspend the execution of sentence unless he did so in pursuance of the grant of power under the Probation Act. The District Court, once a plea of guilty has been understandingly entered by the accused, is not concerned with what motivated the defendant in entering the plea and is not concerned with any asserted compromise of his tax liability except as such matters bear upon the penalty or the exercise of the court's discretion vested under the Probation Act. Whether or not a valid contract of compromise had been entered into was not even before the court. Congress has recognized such matters to be a proper subject of contract between the executive branch of the government and the taxpayer, but as far as the judicial branch of the government is concerned, with the pending indictment and the plea of guilty entered therein, such plea required action by the court.

The appellant has not at any time, in the District Court or here, suggested that the plea of guilty was improvidently or not understandingly entered and has at no time sought a withdrawal of the same. He makes no contention that he was improperly coerced into entering the plea or that he did so under any misapprehension or misrepresentation of fact. He acted knowingly and it is of no moment that he may have thought the court would place him on probation.

Nor are we called to pass upon the legality or advisability of the supposed compromise which it is asserted was entered into by the defendant with the Commissioner of Internal Revenue. The only question before us is the correctness of the order denying the motion to "suspend sen-tence." In this connection it may be observed that the District Court had previously given full consideration to a petition for admission to probation and had denied it. So if we treat this motion to "suspend sentence" as a motion for admission to probation, then it unmistakably appears that there was no abuse of discretion by the trial court in the denial of the same. It would be but a renewal of a motion already fully considered and acted upon.

The appeal in No. 5939 is dismissed, and the judgment in No. 5940 is affirmed.