## O'GWIN v. UNITED STATES.
### No. 8347.

Circuit Court of Appeals, Ninth Circuit.
June 7, 1937.

Oren Parmeter, of Dallas, Tex., for appellant.

F. E. Flynn, U. S. Atty., of Phœnix, Ariz.

Before GARRECHT, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was indicted for using the mails in furtherance of a scheme to defraud, in violation of section 215 of the Criminal Code (18 U.S.C.A. § 338). He pleaded guilty and was sentenced to pay a fine of $500 and to be imprisoned for one year. Thereafter he filed a motion to set aside or modify the judgment and sentence and a motion for a new trial, both of which were denied. This appeal followed.

Appellee has moved to dismiss the appeal on the ground that it was not taken within the time allowed by the rules of practice and procedure prescribed by the Supreme Court on May 7, 1934, pursuant to the Act of February 24, 1933, c. 119, §§ 1–3, 47 Stat. 904, as amended by the Act of March 8, 1934, c. 49, 48 Stat. 399 (28 U.S.C.A. § 723a). Rule 2 (28 U.S.C.A. following section 723a) provides:

"(1) Motions after verdict or finding of guilt, or to withdraw a plea of guilty, shall be determined promptly.

"(2) Save as provided in subdivision (3) of this Rule, motions . . . for a new trial, shall be made within three (3) days after verdict or finding of guilt.

"(3) A motion for a new trial solely upon the ground of newly-discovered evidence may be made within sixty (60) days after final judgment . . . unless an appeal has been taken."

Rule 3 (28 U.S.C.A. following section 723a) provides: "An appeal shall be taken within five (5) days after entry of judgment of conviction, except that where a motion for a new trial has been made within the time specified in subdivision (2) of Rule II, the appeal may be taken within five (5) days after entry of the order denying the motion."

Rule 13 (28 U.S.C.A. following section 723a) provides: "For the purpose of computing time as specified in the foregoing rules, Sundays and legal holidays . . . shall be excluded."

In this case, the plea of guilty and judgment of conviction were entered on Saturday, September 19, 1936. The motion for a new trial was filed on Friday, September 25, 1936, two days after expiration of the three-day period specified in subdivision (2) of rule 2.* The motion, therefore, could not and did not extend the time for taking an appeal. That time expired on Friday, September 25, 1936. This appeal was taken on Friday, October 2, 1936, just a week too late.

Appeal dismissed.

---

*Not being upon the ground of newly discovered evidence, the motion did not come within subdivision (3) of rule 2.