## UNITED STATES v. TOUSEY.

### SAME v. WRIGHT.

Nos. 6675, 6676.

Circuit Court of Appeals, Seventh Circuit.

Feb. 3, 1939.

Rehearing Denied March 7, 1939.

W. J. Kershaw, of Milwaukee, Wis., for appellants.

E. J. Koelzer, of Milwaukee, Wis., for appellee.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

Appellants appeal from judgments convicting them of violations of section 241 of the United States Code, Title 25, 25 U.S.C.A. § 241, relating to the sale of liquor to Indians.

The records show that on May 10, 1938, both appellants tendered pleas of nolo contendere, which pleas were accepted by the court who thereupon, on the same day, rendered judgment, sentencing each to two years imprisonment, staying execution of sentence for five days. On June 2, 1938, each appellant filed his motion to vacate and set aside the judgment. The motions were not predicated on the discovery of new evidence. Both appellants also asked leave to withdraw their pleas of nolo contendere. On the same day, June 2, the court denied appellant Tousey's motion to vacate the judgment, and entered an order in the Wright case, denying his motion for new trial and granting his motion to vacate and set aside the judgment and sentence, amending the judgment of May 10 to read that he be committed to imprisonment in the House of Correction for the term of six months. Both appellants filed notice of appeal on June 9.

Serious questions are presented by the records in these cases, although not raised by counsel for appellee, as to the power of the court to entertain the motions here involved in view of the provisions of the Rules for Practice and Procedure in criminal cases relating to motions for new trial and for withdrawal of pleas. See Rule 2(2) and (4), 28 U.S.C.A. following section 723a. However, since we find upon examination of the records that neither appeal was timely taken, we are precluded from considering those ques-

tions. The record shows that the appeal in the Tousey case was taken on June 9, following denial on June 2 of the motion to vacate the judgment of May 10. The appeal in the Wright case was also taken on June 9, from the amended judgment of June 2. Neither was taken within five days after entry of the judgment of conviction as required by Rule 3 of the Supreme Court rules referred to above. Even if we considered that an appeal lay from the orders of June 2, the time for such appeal expired June 8. See O'Gwin v. United States, 9 Cir., 90 F.2d 494.

Notwithstanding the fact that the appeals were not taken in time, we have examined the questions sought to be raised by appellants. However, no bills of exceptions were included in the records, hence we would be unable to pass upon those questions even if the appeals were properly before us.

Appeals dismissed.