## MEYERS v. UNITED STATES.

### No. 9498.

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1940.

On Rehearing Jan. 9, 1941.

H. L. Meyers, in pro. per.

William P. Fonville, Asst. U. S. Atty., of Fort Worth, Tex., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

SIBLEY, Circuit Judge.

On a plea of guilty to an indictment in the Northern District of Texas charging an offense of attempted robbery of a bank's effects under 12 U.S.C.A. § 588b, H. L. Meyers was on Oct. 12, 1936, sentenced to a term of twenty-five years in the penitentiary; to serve which he is now confined in Alcatraz Prison. On Feb. 6, 1940, a motion in the case was heard, the purport of which was that the indictment to which the plea of guilty was made did not set forth the aggravated offense defined in 12 U.S.C.A. § 588b(b), the limit of punishment for which is twenty-five years' imprisonment, but only the simple offense defined in § 588b(a) the limit of punishment for which is twenty years; so that the sentence as imposed is void. The district court by a judgment filed Feb. 9,

1940, held that it had jurisdiction to re-sentence if the former sentence was void, and entertained the motion, but held the former sentence not in excess of the law and valid, and denied the motion. Meyers, apparently having appeared only by brief in the hearing of his motion, was notified at Alcatraz of the decision on Feb. 16, 1940. His notice of appeal was filed in the trial court February 23, 1940.

 In behalf of the United States there is filed a motion to dismiss the appeal because not filed within five days from the entry of the judgment appealed from. The judgment denying the motion is final in its nature, and not being appealable to the Supreme Court, this court has jurisdiction of an appeal therefrom. 28 U.S. C.A. § 225. The rules of practice after plea or verdict in criminal cases promulgated by the Supreme Court cannot destroy or restrict the right of appeal but may prescribe the time for taking the appeal, 28 U.S.C.A. § 723a. This court has not jurisdiction over an appeal not taken in the time fixed. Fewox v. United States, 5 Cir., 77 F.2d 699; Burr v. United States, 7 Cir., 86 F.2d 502; O'Gwin v. United States, 9 Cir., 90 F.2d 494. Rule III, 28 U.S.C.A. following section 723a, relates to appeals and requires that appeal shall be taken within five days "after entry of judgment of conviction", except that where a motion for new trial is timely made the appeal may be taken within five days after entry of the order denying the motion. There has been no motion for a new trial, so the latter provision does not apply. The judgment of conviction was entered four years before the judgment appealed from was ever made, and the period measured by five days from the entry of the judgment of conviction cannot apply. We are of opinion that the time for taking this appeal is not limited by any provision of Rule III, and that the time limit applicable before the rule was made still obtains. Under it the appeal is in time. The promptness in executing the criminal law sought by the rule is of no importance here, because the appellant is already imprisoned. The motion to dismiss is denied.

 The indictment alleges that Meyers "did then and there wilfully, knowingly, unlawfully and feloniously, by the use of a dangerous weapon, to-wit a pistol, same being a firearm, by putting C. V. Jones, officer of the said bank as aforesaid, in fear for his life * * * attempt to take certain property, etc." Now 12 U.S. C.A. 588b(a) provides that "Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person," etc., shall be imprisoned not exceeding twenty years. The indictment clearly charges an offense under the section quoted. Section 588b(b) provides: "Whoever, in committing * * * any offense defined in subsection (a) * * * assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon" shall be imprisoned not exceeding twenty-five years. The indictment mentions the use of a dangerous weapon, but does not say that any assault was made with it, or that anyone's life was put in jeopardy. The pistol may have been only exhibited and not pointed, it may indeed not have been loaded, for only putting in fear is alleged and not actual jeopardy or danger to the life of Jones. An offense under Section 588b(b) is not alleged. The facts constituting such aggravation of a crime as will increase the statutory punishment must be plainly charged or they are not confessed by a plea or established by a verdict of guilty. Aderhold, Warden, v. Pace, 5 Cir., 65 F.2d 790. Sentence could not be imposed under Section 588b(b). The prisoner ought to be brought before the court for a resentence. Hammers v. United States, 5 Cir., 279 F. 265.

The judgment is reversed and the cause is remanded with direction that further proceedings be had in accordance with this opinion.

### On Motion for Rehearing.

#### PER CURIAM.

 On motion for rehearing we are referred to the cases of United States v. Wilson, Fed.Cas. No. 16,730, United States v. Reeves, C.C., 38 F. 404, and Madigan v. United States, 8 Cir., 23 F.2d 180, to show that the display of firearms to put one in fear constitutes jeopardy of life. These cases arose under other statutes, including R.S. §§ 5472 and 5473, repealed and substituted by Criminal Code § 197, 18 U.S.C.A. § 320. They also related to the sufficiency of the evidence and to charges thereon rather than to the allegations necessary to be made in the indictment. Without discussing the correctness of these decisions, we may call attention to a great difference in the statutes. Those there considered did

not expressly mention "putting in fear" as a form of the unaggravated offense, as does 12 U.S.C.A. § 588b(a). We continue to think there is a difference between "putting one in fear" with a pistol under Section 588b(a), and "putting his life in jeopardy by the use" of it under Section 588b(b).

Motion denied.