George T. JORDAN, Petitioner,

v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, Respondent.

George T. JORDAN, Appellant,

v.

UNITED STATES of America, Appellee.

Misc. No. 462, No. 13184.

United States Court of Appeals District of Columbia Circuit.

April 19, 1956.

As Amended May 28, 1956.

Petition for Rehearing In Banc Denied June 12, 1956.

Mr. Charles A. Horsky, Washington, D. C., appointed by this Court, for petitioner.

Mr. Lewis A. Carroll, Asst. U. S. Atty., for respondent. Messrs. Leo A. Rover, U. S. Atty., and Harold H. Greene, Asst. U. S. Atty., entered appearances for respondent.

Before WILBUR K. MILLER, WASHINGTON, and BASTIAN, Circuit Judges.

WASHINGTON, Circuit Judge.

In June 1944 George T. Jordan was indicted for assault with intent to commit robbery. D.C.Code 1940, § 22–501. For various reasons, he was not tried until 1953. A mistrial was declared, and a second trial was had, which resulted in conviction. On November 20, 1953, Jordan was sentenced to serve a prison term of six to twenty years. His counsel took an appeal to this court, and on December 9, 1954, we affirmed the conviction. Jordan v. United States, 1954, 95 U.S.App.D.C. 27, 217 F.2d 670.

Immediately after conviction Jordan filed *pro se* a motion under Section 2255 of Title 28 of the United States Code (1952) seeking to vacate his sentence, on grounds other than those urged in the appeal filed by his counsel. The District Court denied the motion without a hearing or the filing of an opinion. Peti-

tioner later filed *pro se* another motion under Section 2255. This second motion was also denied, the District Judge noting the denial on the face of the papers on July 30, 1954. On the same day, petitioner filed in this court a "Petition for Leave to File a Petition for Writ of Mandamus," seeking to compel the District Court to grant him a hearing on both his Section 2255 motions. On October 14, 1954, we denied the petition on the ground that petitioner had had a hearing on his second 2255 motion on October 7, 1954. Petitioner then advised us that this ground was a mistaken one, and that the hearing of October 7, 1954, was on an independent motion made by petitioner's counsel under Section 2255 on narrower grounds than those alleged by the petitioner in his own moving papers. Investigation showed petitioner to be correct on this point. We thereupon appointed counsel (Mr. Charles A. Horsky) to represent petitioner in his request for a rehearing. Counsel filed a memorandum, which was opposed by an answering memorandum filed by the United States Attorney. Oral argument was had.

Petitioner's latest motion under Section 2255 raised a question of law, namely, whether the trial judge could—as he did here—impose the additional five-year penalty prescribed by D.C.Code 1951, Section 22–3202, for committing a crime of violence when armed with a pistol or other firearm, in spite of the fact that the indictment here does not charge that the defendant was so armed. The motion also urged: (1) that the Government's delay in bringing him to trial deprived him of his constitutional right to a speedy trial, (2) that petitioner was put in double jeopardy, (3) that the Government knowingly used perjured testimony, and (4) that the trial jury was not impartial. Petitioner's court-appointed counsel now urges that the question of law be resolved in petitioner's favor, and that the remaining contentions present genuine issues of material fact on which the District Court should hold a hearing.

▇▇ In the first place, we must consider the extent of our own jurisdiction in the matter. It is clear that our affirmance of petitioner's conviction, see 95 U.S.App.D.C. 27, 217 F.2d 670, is not conclusive. The points he now raises were not before us in that appeal and are in no sense *res judicata.* Compare Chessman v. Teets, 1955, 350 U.S. 3, 76 S.Ct. 34, reversing 9 Cir., 1955, 221 F.2d 276. It seems clear, also, that petitioner has diligently sought to preserve his right to appellate review of the adverse decision of the District Court on his latest motion under Section 2255. No doubt a formal appeal from that decision would have been more orthodox procedure than the filing of a petition for mandamus. But the petition Jordan filed was prompt and timely; in fact, it was filed on July 30, 1954, the same day that the District Court entered a notation of denial on the face of the motion under Section 2255. And the petition was adequate to bring to our notice the nature of petitioner's grievance. Further, it brought the matter to the attention of the United States Attorney, who thereupon resisted the petition on its merits. Petitioner's good faith is not challenged. He has been in confinement for many months, and the delays which have occurred are not chargeable to him. The relief which his motion sought is in the nature of habeas corpus, Adams v. United States, 1955, 95 U.S.App.D.C. 354, 222 F.2d 45, and consideration of it should be prompt.

▇▇ Under these circumstances, we asked the Government to show cause why petitioner should not be considered as having perfected his appeal, pointing out in our order that we had concluded that petitioner had "stated at least one substantial question as to the correctness of the order of the District Court of July 30, 1954 * * *."[1] After studying the Government's answer, and the re-

---

[1]. Our order of November 1, 1955, is summarized in our order of December 20, 1955, quoted in footnote 2, infra.

sponse to that answer filed by petitioner's counsel, we concluded that in the interest of justice we should consider the petition for mandamus as the equivalent of the taking of an appeal,[2] and that we have jurisdiction to review on the merits the matters which petitioner raises. See Lemke v. United States, 1953, 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3; Reconstruction Finance Corporation v. Prudence Securities Advisory Group, 1941, 311 U.S. 579, at pages 582–583, 61 S.Ct. 331, 85 L.Ed. 364; cf. Gerringer v. United States, 1954, 93 U.S.App.D.C. 403, 213 F. 2d 346; West v. United States, 1954, 94 U.S.App.D.C. 46, 222 F.2d 774.[3]

■■ We turn to the contention that the sentence imposed on Jordan was in excess of the maximum authorized by law. The sentence was for a term of from six to twenty years. The statute provides that "Every person convicted of any assault with intent * * * to commit robbery * * * shall be sentenced to imprisonment for not more than fifteen years." D.C.Code 1951, § 22–501. The Government seeks to justify the imposition of the additional five years on the authority of D.C.Code 1951, § 22–3202, which provides:

"If any person shall commit a crime of violence in the District of Columbia when armed with or having readily available any pistol or other firearm, he may, in addition to the punishment provided for the crime, be punished by imprisonment

2. Our order of December 20, 1955, was as follows:

"Upon consideration of the order entered herein directing the United States Attorney to show cause:

"(1) Why the Clerk of the District Court should not be requested to enter forthwith upon the docket the order of the District Court of July 30, 1954;

"(2) Why petitioner should not thereupon be allowed to file a notice of appeal from said order, or in the alternative, be allowed to rely upon his petition for writ of mandamus as a notice of appeal from said order of July 30, 1954;

"(3) Why said petition should not be considered by this Court to be, and allowed as, an appeal in forma pauperis.

"(4) Why the record before the District Court upon which it based its order of July 30, 1954, should not be ordered forthwith transmitted to this Court, as the record—together with the record filed in this Court in No. 12,044, Jordan v. United States (on which petitioner's conviction was based)—upon which to base its decision as to the correctness of the District Court's order of July 30, 1954;

"And upon consideration of the respondent's answer to said order to show cause, and of the petitioner's response to the answer to the order to show cause, it is

"Ordered by the Court that the Clerk of the United States District Court be, and he is hereby, directed to enter forthwith upon the docket of that Court the order of the District Court of July 30, 1954, denying petitioner's motion for relief under Section 2255 of the Judicial Code.

"It is Further Ordered by the Court that the petition for a writ of mandamus filed herein shall be regarded as a notice of appeal from said order of July 30, 1954, and that petitioner be, and he is hereby, allowed to proceed on appeal from said order without prepayment of costs.

"It is Further Ordered by the Court that the record before the District Court upon which said Court based its order of July 30, 1954, be transmitted to this Court, and said record, together with the record heretofore filed in Case No. 12,044, Jordan v. United States, be considered as the record on appeal from the order entered July 30, 1954."

3. Ordinarily, of course, petitions for leave to appeal in forma pauperis must be initially addressed to and considered by the District Court. Gerringer v. United States, supra; West v. United States, supra. If the trial court certifies that the appeal is not taken in good faith, the appeal may not be taken, 28 U.S.C. § 1915 (1952), unless the certificate itself is erroneous because a substantial question is in fact presented by appellant. Waterman v. McMillan, 1943, 77 U.S.App. D.C. 310, 135 F.2d 807, certiorari denied 1944, 322 U.S. 749, 64 S.Ct. 1160, 88 L.Ed. 1599. Under all the circumstances here, including our finding that "at least one substantial question is presented," we consider that the usual rule does not apply, and that this court can and should act without further delay.

for a term of not more than five years * * *."

Assault with intent to commit robbery is included in the definition of "crime of violence" in Section 22–3201.

There was testimony by a prosecution witness that Jordan was armed with a pistol at the time of the crime. Jordan defended on the issue of the identity of the assailant, and alternatively on the ground that he was insane at the time of the crime. Consequently, he did not dispute the testimony that the assailant was armed with a pistol.

The indictment did not charge that Jordan was armed with a pistol or other firearm,[4] and thus the legal question is squarely presented whether the aggravating circumstances must be charged in the indictment before the additional penalty may be imposed. No case on the point has been found in the District of Columbia, but a number of decisions in other jurisdictions deal directly with the problem. Meyers v. United States, 5 Cir., 1940, 116 F.2d 601, involved a conviction under the old Bank Robbery statute.[5] That statute punished anyone who by various means attempted to take money belonging to or in the custody of a bank. It imposed an aggravated penalty upon any person who in committing or attempting to commit the crime "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device * * *." See former 12 U.S.C. § 588b(b) (1946), now 18 U.S.C. § 2113(d) (1952). In the Meyers case the indictment mentioned the use of a dangerous weapon but did not say that any assault was made with it or that anyone's life was put in jeopardy. On appeal from a judgment of conviction, the Fifth Circuit said that the pistol used might only have been exhibited but not pointed, it might have been not loaded, and it might have been used only to put the victim of the crime into fear without jeopardizing his life. Accordingly, the court held:

"An offense under Section 588b(b) is not alleged. The facts constituting such aggravation of a crime as will increase the statutory punishment must be plainly charged or they are not confessed by a plea or established by a verdict of guilty. Aderhold, Warden, v. Pace, 5 Cir., 65 F.2d 790. Sentence could not be imposed under Section 588b(b). The prisoner ought to be brought before the court for a resentence. Hammers v. United States, 5 Cir., 279 F. 265." 116 F.2d at page 603.[6]

---

4. The indictment reads:
   "The Grand Jurors of the United States of America, in and for the District of Columbia aforesaid, upon their oath, do present:
   "That one George T. Jordan, on, to wit, the twenty-sixth day of May, 1944, and at the District of Columbia aforesaid, with force and arms, in and upon one Sophie Chyatte, then and there being, feloniously and wilfully did make an assault, with intent, then and there, by force and violence, and by sudden and stealthy seizure and snatching, and against resistance, and by putting in fear, feloniously to steal, take and carry away from and off the person and from and out of the immediate, actual possession of the said Sophie Chyatte, valuable goods, money, chattels and property, which were then and there on the person and in the immediate, actual possession of the said Sophie Chyatte; against the form of the statute in such case made

and provided, and against the peace and government of the said United States."

5. Chapter 304, § 2, 48 Stat. 783, as amended, c. 747, 50 Stat. 749, c. 455, 54 Stat. 695, now replaced without substantial changes in regard to the matter here involved, by 18 U.S.C. § 2113 (1952).

6. The Fifth Circuit had in other cases demonstrated that it regarded Section 588b(b) not as establishing separate crimes with separate elements from those in Section 588b(a), but merely as providing for longer sentence when the aggravating element is present, Wells v. United States, 5 Cir., 1941, 124 F.2d 334 certiorari denied, 316 U.S. 661, 62 S.Ct. 941, 86 L.Ed. 1738, rehearing denied, 1942, 316 U.S. 708, 62 S.Ct. 1039, 86 L.Ed. 1775; Durrett v. United States, 5 Cir., 1939, 107 F.2d 438. The Meyers case seems thus to be on all fours with the instant one. The view taken by the

The Government relies on language in Tomlinson v. United States, 1937, 68 App. D.C. 106, 93 F.2d 652, 654, 114 A.L.R. 1315, that the words "being then and there armed with a certain pistol", were surplusage to a robbery indictment. However, in that case the added penalty was not, and could not have been,[7] sought, and the court merely held that inclusion of the allegation of being armed was "surplusage" and not prejudicial to the defendant.

■ The Government also cites Jackson v. United States, 1955, 95 U.S.App. D.C. 328, 221 F.2d 883. We there held that in the analogous situation where an additional penalty is sought under a statute authorizing it if the defendant has previously been convicted of a felony, the prior conviction need not be charged in the indictment. In the second-offender situation, however, the criminal act which is proscribed is the same regardless of the background of the criminal; the previous offense is merely "an historical fact,"[8] as a result of which the penalty may appropriately be made more severe because of the demonstrated proclivities

of the defendant.[9] On the other hand, where the aggravation arises from the manner in which the crime was committed, in substance a different aspect of the offense is sought to be punished. Accordingly, we think—as did the Fifth Circuit in the Meyers case—that the facts in aggravation must be charged in the indictment and found to be true by the jury.[10] The sentence here imposed was accordingly erroneous. It must be vacated and a new and proper sentence imposed.[11]

■ As to three of the matters which petitioner contends required the holding of a hearing, namely, the allegations as to double jeopardy, the use of perjured testimony, and the partiality of the jury: it is quite true that allegations of this sort could in a proper case be the subject of an evidentiary hearing. But, without recounting in detail the allegations here made, it is enough to say that petitioner's averments, taken at face value, do not raise any genuine issues of material fact. As to double jeopardy, for example, petitioner says that at his first trial the Government delib-

Meyers case also appears to be the prevailing opinion in the state courts, see 125 A.L.R. 605–609, and cases there cited.

7. Thomas v. United States, 1954, 93 U.S. App.D.C. 282, 210 F.2d 21.

8. See Jacobs v. United States, 1928, 58 App.D.C. 62, 63, 24 F.2d 890, 891.

9. A further objection to inclusion in the indictment of an allegation of prior conviction is that it brings to the jury's attention a matter which would normally be excluded as evidence because of its prejudice to the defendant. See e. g., Pyle v. United States, 1946, 81 U.S.App. D.C. 209, 156 F.2d 852; cf. Hall v. United States, 1948, 84 U.S.App.D.C. 209, 171 F.2d 347.

10. In some instances, at least, it may be appropriate for the indictment to contain two counts, one containing and the other omitting the allegation as to the accused's being armed. The question would thus be squarely put up to the jury.

11. It was suggested in the argument below on a related motion, although the point was not pressed by the Government here, that the words in the indictment, "with force and arms," were sufficient to invoke the provisions of Section 22–3202. This phrase, however, is considerably broader than "armed with a pistol or other firearm," and for that reason gave no indication to the appellant that the additional penalty was being sought. This conclusion is confirmed by the fact that at trial no mention was made to the jury, by either judge or prosecutor, that they were to give their attention to the manner in which the crime was committed. Additionally, the formalism of the phrase "with force and arms," an historical remnant of the *vi et armis* allegation connoting a breach of the peace, Hawkins, Pleas of the Crown, Vol. 2, § 44, diminishes any value it might have in apprising a criminal defendant that a specific aggravation statute is being invoked. See, also, Tomlinson v. United States, supra, 68 App.D.C. at pages 107–108, 93 F.2d at pages 653–654.

erately elicited an improper response from a witness, with the purpose of procuring a mistrial, which was in fact granted. The portions of the transcript cited by petitioner show on their face, however, that his trial counsel in moving for a mistrial stated that the prosecuting attorney was "in no way responsible for that," and that "the witness should never have made that response." The response was highly prejudicial—in fact, it revealed that Jordan had been accused in another case of committing a murder. But the answer was not directly responsive to the prosecutor's question, which could have been answered without revealing the other accusation. No doubt a prosecutor should not be permitted deliberately to provoke a mistrial. But at this stage the bare possibility that Jordan can show a planned attempt by the prosecutor to procure a mistrial, so as to present the evidence against the accused more successfully on a subsequent trial, seems too remote to warrant an evidentiary hearing. Similarly, aside from petitioner's unsupported averment as to the prosecution's knowing use of perjured testimony, the record is barren of any indication of such use. The petition gives not the slightest indication that petitioner can produce at this time any evidence on this subject, let alone what the purport or source of such evidence will be. Hence there was no error in denying a hearing on this matter.

The first issue urged by appellant, concerning the delay before he was brought to trial, is more substantial. It is alleged that despite appellant's recurrent insanity during the years intervening between indictment and trial, there were certain specified periods during which he was mentally competent to stand trial and anxious to do so. Appellant also sets forth the repeated efforts which he made during these periods, by letter and by habeas corpus proceedings, to secure a speedy trial of his case. While habeas corpus is ineffective to compel a trial and appellant did not exhaust the other remedies available to him, Fowler v. Hunter, 10 Cir., 1947, 164 F.2d 668, 670 certiorari denied, 1948, 333 U.S. 868, 68 S.Ct. 785, 92 L.Ed. 1146; see Miller v. Overholser, 1953, 92 U.S.App. D.C. 110, 114, 206 F.2d 415, 419, it may be that up to the start of his trial appellant had preserved his claim that he was being denied a speedy trial, particularly in view of his efforts to obtain dismissal for want of prosecution. Cf. United States v. McWilliams, 1947, 82 U.S.App. D.C. 259, 163 F.2d 695. However, when he finally was brought to trial, being then represented by experienced counsel, neither appellant nor his counsel made any objection to the trial going forward, on the ground of the lengthy delay since the time of indictment. If the point had been made on direct attack a different question would have been presented.[12] But here the attack is collateral. Al-

---

12. Compare Petition of Provoo (United States v. Provoo), D.C.D.Md., 17 F.R.D. 183 affirmed without opinion, 1955, 350 U.S. 857, 76 S.Ct. 101. Provoo is further distinguishable from the instant case because in Provoo the Government was exclusively responsible for the delay, and because in Provoo the remedies that were here available to compel a speedy trial, Fowler v. Hunter, supra; see Miller v. Overholser, supra, were not applicable since by the Government's decision, Provoo had already been tried in the wrong district.

Appellant says that he made motions to dismiss for lack of prosecution the indictments in this and other proceedings pending against him; that these motions remained undecided when the trial in this case began; and that he urged his then counsel (court-appointed) to press them, but counsel declined to do so, saying such a course would be futile. Assuming these statements to be correct, and assuming arguendo that appellant's right to a speedy trial cannot be said to have been waived at the time the trial began, but cf. Shepherd v. United States, 8 Cir., 1947, 163 F.2d 974, 976; Bracey v. Zerbst, 10 Cir., 1937, 93 F.2d 8, the fact remains that the point was not raised either during the trial or on the subsequent appeal.

though we have found no precedent to support the proposition, perhaps in an extreme case delay in bringing a prisoner to trial is subject to collateral attack. But see Ruben v. Welch, 4 Cir., 159 F.2d 493, certiorari denied, 1947, 331 U.S. 814, 67 S.Ct. 1199, 91 L.Ed. 1833; Harris v. Swenson, 4 Cir., 1952, 199 F.2d 269; Latimer v. Cranor, 9 Cir., 1954, 214 F.2d 926; Agner v. Warden, Md. House of Correction, 1953, 203 Md. 665, 99 A.2d 735; Baldwin v. Warden, Md. House of Correction, 1952, 201 Md. 657, 92 A.2d 739. We do not think the averments in the instant case are sufficient to compel us to reach that problem. It is clear that the delay in bringing petitioner to trial was largely caused by his mental condition.[13] And although petitioner claims prejudice from the delay in bringing him to trial, the claim is based primarily on an allegation that a witness he would have called died shortly before the trial. But the witness is not named nor is there any indication as to what his testimony would have been. Under all the circumstances, we think that the trial judge correctly found that the issue posed was one on which "the motion and the files and records of the case conclusively show[ed] that the prisoner [was] entitled to no relief." The trial judge did not err in refusing a hearing.

The order of the District Court of July 30, 1954, denying petitioner's motion under Section 2255 of Title 28, U.S. Code (1952), will be reversed, and the case will be remanded to the District Court, with directions to vacate the existing sentence and to resentence the petitioner in a manner not inconsistent with this opinion.

So ordered.

13. Compare, passim, Jordan v. United States, 1953, 93 U.S.App.D.C. 65, 207 F.2d 28 (relative to Jordan's competency

to stand trial in another criminal proceeding).