811 F.2d 1504
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Charles S. BOSTIC, Petitioner.
 No. 86-8030.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 28, 1986.
Decided Feb. 3, 1987.
 
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Charles S. Bostic, petitioner pro se.
 PER CURIAM:
 
 
 1
 Charles S. Bostic filed suit in the district court on June 19, 1986, seeking leave to proceed in forma pauperis on his claims brought under 28 U.S.C. Sec. 2254 and 42 U.S.C. Secs. 1983, 1985 and 1986; the district court summarily dismissed the action on the same day. Within ten days of entry of judgment, Bostic served a "Motion To Amend And Vacate Judgment," which the district court denied on August 13, 1986. On August 21, 1986, Bostic filed a "Motion Ordering Copy Of Court Findings And Extension of Time To File Appeal to CA4." In this motion, Bostic requested the district court to issue findings showing the reason for denial of his motion to vacate and amend and sought "an extension of time to file appeal pending reciept [sic] of cause and reasoning for appeal." By order entered August 26, the district court denied Bostic's request for additional findings as well as his request for an extension of the appeal period. On September 2, 1986, Bostic filed a "Motion To Whole [sic] Appeal in Abeyance," by which he indicated his intent to file a mandamus action in this Court seeking to compel the district court to issue findings relating to the denial of his motion to amend and vacate and by which he sought to hold the filing of his appeal in abeyance pending action on his mandamus petition. On September 8, 1986, Bostic filed the promised mandamus petition in this Court.
 
 
 2
 As amended, Bostic's petition requests that a writ of mandamus issue to review the judgment and actions of the district court. Specifically, Bostic challenges the district court's dismissal of his claims, insofar as they sought relief under 28 U.S.C. Sec. 2254, as successive, and insofar as they sought relief under 42 U.S.C. Sec. 1983, as time-barred, and its refusal to issue findings with respect to denial of the motion to vacate and amend.
 
 
 3
 We first note that there is no basis here for the exercise of mandamus jurisdiction. Review of the district court's actions in this case lies by way of appeal, not mandamus. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir.1970) (mandamus may not be used to circumvent normal appellate process). Bostic's claim that he cannot pursue an appeal without further indication from the district court of the reasons for denial of his motion to vacate and amend is totally without merit. The district court's opinion dismissing Bostic's claims provided the reasons for dismissal. The court's order denying the motion to vacate and amend indicated that the court found the motion to be no more than an attempt to reargue issues previously considered, and so provided the rationale for denying the motion. Bostic's complaints regarding the sufficiency of this rationale are pursued by way of appeal, not mandamus.
 
 
 4
 We note that Bostic's motion to vacate and amend, because it was served within ten days of entry of judgment, tolled the time for noting an appeal until its denial by the district court on August 13, 1986. Fed.R.App.P. 4(a)(4); Dove v. CODESCO, 569 F.2d 807 (4th Cir.1978). Within the thirty-day appeal period following the August 13 order, Bostic filed three documents, two in the district court and one in this Court, evincing his intent to appeal the district court's judgment. Although none of the documents took the form of a proper notice of appeal, they did, in a timely fashion, establish Bostic's desire to appeal the district court's judgment. In view of Bostic's pro se status, we do not believe that his misperceptions regarding the proper method for obtaining review of the adequacy of the district court's findings should cause him to forfeit appellate review where he has timely indicated his intent to appeal. See Jordan v. United States District Court, 233 F.2d 362, 364-65 (D.C.Cir.) (petition for mandamus filed within appeal period preserved pro se litigant's right to appellate review), vacated on other grounds, 352 U.S. 904 (1956). See also Bradley v. Coughlin, 671 F.2d 686 (2d Cir.1982) (request for leave to file interlocutory appeal, attached to untimely motion for reconsideration, treated as notice of appeal). We have accordingly reviewed Bostic's objections to the district court's judgment.
 
 
 5
 Bostic contends that the district court erred in dismissing his habeas claims as successive when he has never had a hearing on those claims in federal court. A federal habeas petitioner is not, however, automatically entitled to a hearing on his claims. The district court had determined in dismissing Bostic's earlier challenges to his 1975 guilty plea that an evidentiary hearing on Bostic's claims was unnecessary. We find nothing in Bostic's present submissions to indicate that the interests of justice require reconsideration of this determination.
 
 
 6
 Moreover, Bostic's argument that the district court was required to give him notice and an opportunity to respond before dismissing his petition as successive is misplaced. Although a petitioner is entitled to explain his reasons for withholding a claim from earlier petitions before the district court may dismiss the claim as an abuse of the writ, such an opportunity need not be afforded the petitioner prior to dismissing the claim because it has previously been decided against him on the merits. Miller v. Bordenkircher, 764 F.2d 245, 250 & n. 5 (4th Cir.1985).
 
 
 7
 Nor do we find any error in the district court's dismissal of Bostic's civil rights claims as frivolous. The complaint revealed on its face an obvious statute of limitations defense, and Bostic's attempts to avoid this bar are without merit.
 
 
 8
 Treating Bostic's post-judgment filings as an adequate invocation of this Court's appellate jurisdiction, we find no error in the judgment below. As to Bostic's petition for a writ of mandamus, we find no basis for the exercise of mandamus jurisdiction. Accordingly, we deny leave to proceed in forma pauperis, deny the petition for a writ of mandamus and dismiss this action. We deny appointment of counsel and dispense with oral argument because the facts and legal issues are fully developed in the materials before the Court and argument would not aid the decisional process. Bostic's motion to subpoena documents and application for a writ of habeas corpus ad testificandum are also denied.
 
 
 9
 DISMISSED.