JUSTICE SHEEHY,
concurring and dissenting:
A general definition of crime is a union of act and mental state banned by the law. In Montana, mental state is found in the use of the adverbs “knowingly” and “purposely.” However, the legislature may define an act as a crime without requiring mental state. When that is done, the banned act is one that brings on absolute liability. The Montana statute states:
“45-2-104. Absolute liability. A person may be guilty of an offense without having, as to each element thereof, one of the mental states described in subsection (33) [knowingly], (37) [negligently], and (58) [purposely] of 45-2-101 only if the offense is punishable by a fine not exceeding $500 or the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described.” (Emphasis added.)
In this case, the penalty for using a gun imposes a jail term. The question whether the legislature intended to impose absolute liability for the use of a gun in committing a felony must be found in the statute defining the gun penalty. It must clearly indicate a legislative purpose to impose absolute liability for the conduct described.
It cannot be found in this case that the legislature intended to impose absolute liability for the use of a gun in committing a felony because it interposed the mental state word “knowingly” in its definition of the act. The statute states:
*514 “46-18-221. Additional sentence for offenses committed with a dangerous weapon. (1) A person who has been found guilty of any offense and who, while engaged in the commission of the offense, knowingly displayed, brandished, or otherwise used a firearm ... or other dangerous weapon shall, in addition to the punishment provided for the commission of such offense, be sentenced to a term of imprisonment in the state prison of not less than 2 years nor more than 10 years . . .
“(4) An additional sentence prescribed by this section shall run consecutively to the sentence provided for the offense.” (Emphasis added.)
In this case, .who found that Krantz acted “knowingly” in using a firearm to commit a felony? Certainly the jury did not, because the use of a firearm was not alleged in the charging information, nor was it contained in the instructions of the court. The court itself, at the time of sentencing, made no reference to whether Krantz acted “knowingly” in brandishing the firearm.
The crime of robbery in Montana can be proved by the state without a showing that a dangerous weapon was used. The statute provides:
“45-5-401. Robbery. (1) A person commits the offense of robbery if in the course of committing a theft he:
“(a) inflicts bodily injury upon another;
“(b) threatens to inflict bodily injury upon any person or purposely or knowingly puts any person in fear of immediate bodily injury; or
“(c) commits or threatens immediately to commit any felony other than theft.”
The penalty for committing the offense of robbery is a state prison term of not less than two years nor more than 40 years and a fine of not more than $50,000. Section 45-5-401, MCA.
Thus, the use of a dangerous weapon in the commission of a robbery is an aggravating factor, for which an additional penalty may be imposed under § 46-18-221, MCA.
In Jordan v. U.S. Circuit Court for the District of Columbia (D.C. Cir. 1956), 233 F.2d 362, 367 (vacated on other grounds 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114 (1956)) where defendant had been convicted of assault with intent to commit robbery and was given an additional five year term of imprisonment under a statute allowing such where the crime was committed with a pistol or firearm, the court vacated the additional sentence stating:
*515 “. . . where the aggravation arises from the manner which the crime was committed, in substance a different aspect of the offense is sought to be punished. Accordingly, we think . . . that the facts in aggravation must be charged in the indictment and found to be true by the jury.”
If the legislature had merely provided that the use of a gun in the commission of a felony would automatically lead to the increased penalty, there would be no problem here. However, the legislature inserted the word “knowingly,” as an element in the use of the gun. This element requires a fact-finding, and a fact-finding can only be done in criminal cases by a jury. In effect, the use of a gun is a separate offense, for which every element must be proved beyond a reasonable doubt. In Re Winship (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. Because of the insertion of the word “knowingly,” we should in effect overrule State v. Madera (1983), 206 Mont. 140, 670 P.2d 552; State v. Davison (1980), 188 Mont. 432, 614 P.2d 489; and not regard the holding by the Court of Appeals for the Ninth Circuit in LaMere v. Risley (9th Cir. 1987), 827 F.2d 622.
There is an additional factor why we should require fact-finding by the jury with respect to the use of a firearm. There is a recidivist provision in § 46-18-221, MCA, as follows:
“(2) A person convicted of a second or subsequent offense under this section shall, in addition to the punishment provided for the commission of the present offense, be sentenced to a term of imprisonment in the state prison of not less than 4 years or more than 20 years, except as provided in 46-18-222. For the purpose of this subsection, the following persons shall be considered to have been convicted of a previous offense under this section:
“(a) a person who has previously been convicted of an offense, committed on a different occasion than the present offense, under 18 U.S.C. 924(c); and
“(b) a person who has previously been convicted of an offense in this or another state, committed on a different occasion than the present offense, during the commission of which he knowingly displayed, brandished, or otherwise used a firearm, destructive device, as defined in 45-8-332(1), or other dangerous weapon.
“(3) The imposition or execution of the minimum sentence prescribed by this section may not be deferred or suspended, except as provided in 46-18-222.
*516 “(4) An additional sentence prescribed by this section shall run consecutively to the sentence provided for the offense.”
The following factors, therefore, should require us to find that gun-toting in the commission of a crime is a separate issue or offense which must be charged in the information and found by the jury:
(1) The forbidden act of brandishing a firearm.
(2) The forbidden act done knowingly.
(3) The punishment being separate and mandatory.
(4) Additional penalties for recidivism.
I would, therefore, affirm the conviction of Krantz for the felony offense but reverse the enhancement of his sentence that relates to the use of a firearm for the reason that the separate offense was not separately charged and found by the jury. There are Due Process and Sixth Amendment implications here not met in our statute.
JUSTICE HUNT concurs with JUSTICE SHEEHY.