UNITED STATES of America

v.

Thomas W. MOORE, Jr., Appellant.

No. 73–1192.

United States Court of Appeals,
District of Columbia Circuit.

May 25, 1976.

On remand from the Supreme Court of the United States (Criminal 1350–72).

Raymond W. Bergan, Washington, D. C., was on the Supplemental Memorandum filed after remand, for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry and Peter C. Schaumber, Asst. U. S. Attys., Washington, D. C., were on the Supplemental Memorandum filed after remand, for appellee.

Before BAZELON, Chief Judge, and McGOWAN and MacKINNON, Circuit Judges.

Opinion for the Court by Chief Judge BAZELON.

Circuit Judge McGOWAN dissents in part.

Separate statement by Chief Judge BAZELON.

BAZELON, Chief Judge:

Appellant, a licensed physician registered under the Controlled Substances Act,[1] was convicted of 22 counts of knowing and unlawful distribution and dispensation of methadone under 21 U.S.C. § 841(a)(1) (1970). Finding § 841 inapplicable to appellant be-

---

1. 21 U.S.C. § 801 et seq. (1970).

cause of his status as a registrant, we reversed the conviction.[2] This judgment was in turn reversed by the Supreme Court, which held that registered physicians can be prosecuted under §.841 when their activities fall outside the usual course of professional practice.[3]

The case is before us now, on remand from the Supreme Court, for the sole purpose of considering appellant's claim that he was improperly sentenced. On 14 of the 22 counts, appellant was sentenced to concurrent terms of from 5 to 15 years[4] and a substantial fine.[5] On the 8 counts said to relate to minors[6] he was sentenced, pursuant to 21 U.S.C. § 845(a),[7] to doubled sentences of from 10 to 30 years, said sentences to run concurrently with each other but

consecutively to the 5 to 15 year sentence.[8] It is the legality of the enhanced punishment under § 845(a) which appellant contests.

■ Relying on the authority of *Jordan v. United States District Court for the District of Columbia*,[9] appellant argues that enhancement under § 845(a) was improper because there was neither a charge that the distributees were in fact minors, nor any finding to that effect.[10] *Jordan* held that a defendant convicted of attempted robbery could not be given additional punishment under a statute authorizing such an enhanced penalty for one who commits a crime of violence when armed, unless the "facts in aggravation . . . [are] charged in the indictment and found to be true by the jury."[11] Appellee, on the other

2. *United States v. Moore*, 164 U.S.App.D.C. 319, 505 F.2d 426 (1974) (MacKinnon, J., dissenting).

3. *United States v. Moore*, 423 U.S. 122, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975).

4. 15 years is the maximum sentence authorized for a first offender convicted of violating § 841(a). 21 U.S.C. § 841(b)(1)(A).

5. $5,000 on each count for a total of $70,000.

6. At sentencing, the trial court stated: "On the counts involving juveniles, 16, 17, 18, 20, 21, 23, 24 and 25, I impose a sentence of ten-to-thirty years. The sentences on the juveniles of ten-to-thirty years are to be consecutive to the sentences imposed for the adults, making a jail sentence of fifteen-to-forty-five years." Tr., Nov. 13, 1972, p. 1001.

7. 21 U.S.C. § 845(a) provides:
    Any person at least eighteen years of age who violates section 841(a)(1) of this title by distributing a controlled substance to a person under twenty-one years of age is . . . punishable by (1) a term of imprisonment, or a fine, or both, up to twice that authorized by section 841(b) of this title, and (2) at least twice any special parole term authorized by section 841(b) of this title, for a first offense involving the same controlled substance and schedule.

8. Doubled fines of $10,000 on each count were also imposed.

9. 98 U.S.App.D.C. 160, 233 F.2d 362 (1956), vacated on other grounds *sub nom. Jordan v. United States*, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114 (1956) (remanding to the district court for consideration of the merits of petitioner's 28 U.S.C. § 2255 motions).

10. Appellant also argues that § 845(a) permits the doubling of a sentence only for one found guilty of "distributing" a controlled substance to a minor, and that he could have been convicted only of "dispensing." See Appellant's Brief p. 24 and Reply Brief p. 13 (this contention appears to have been abandoned, however, by virtue of its omission in Appellant's Supplemental Memorandum filed with this court on March 1, 1976). While our disposition of this case makes resolution of this point unnecessary, we note that appellant was indicted for, and convicted of, "unlawful distribution *and* dispensation" of a controlled substance. J.A. 32–36. Under the Act, "[t]he term 'distribute' means to deliver (other than by administering or dispensing) a controlled substance," 21 U.S.C. § 802(11), and [t]he term 'dispense' means to deliver a controlled substance . . . by, or pursuant to the lawful order of, a practitioner . . . ." 21 U.S.C. § 802(10). Although § 845(a) literally applies only to distributors, it is arguable that appellant may be so classified, in that he can be properly categorized as neither a "dispenser," because his drug deliveries were not pursuant to a "lawful order," nor a "practitioner," because he acted *outside the "usual course of professional practice." See United States v. Moore, supra,* 423 U.S. n. 3 at 140–142, 96 S.Ct. at 346–348, 46 L.Ed.2d at 344–345; *United States v. Black,* 512 F.2d 864, 866, 868 (9th Cir. 1975). *See also* 21 U.S.C. § 802(20); 21 U.S.C. § 829; 21 C.F.R. § 1306.04(a) (1974).

11. *Jordan v. United States District Court for the District of Columbia, supra,* n. 9, 233 F.2d at 367 (footnote omitted). *See also Meyers v. United States,* 116 F.2d 601 (5th Cir. 1940).

hand, maintains that *Jackson v. United States*[12] controls. In *Jackson*, the court held that where an additional penalty is sought under a statute authorizing it for a defendant previously convicted of a felony, the prior conviction need not be charged in the indictment.[13]

In our view, appellant's argument is the more persuasive. In *Jordan*, the court distinguished the *Jackson* decision, stating:

> In the second-offender situation . . . the criminal act which is proscribed is the same regardless of the background of the criminal; the previous offense is merely "an historical fact," as a result of which the penalty may appropriately be made more severe because of the demonstrated proclivities of the defendant. On the other hand, where the aggravation arises from the manner in which the crime was committed, in substance a different aspect of the offense is sought to be punished.[14]

While the distinction between "an historical fact" that bespeaks a defendant's "demonstrated proclivities" and an "aggravation aris[ing] from the manner in which the crime was committed" that in effect amounts to a new offense is concededly somewhat elusive, we believe that the age of the distributee fits more squarely in the latter category and thus is an element of the offense which must be alleged in the indictment before sentence can be imposed under § 845(a).[15]

A recent Supreme Court decision, *Mullaney v. Wilbur*,[16] lends further support for this view. In *Mullaney* the Court found violative of due process Maine's requirement that a defendant charged with murder prove that he acted "in the heat of passion on sudden provocation" in order to reduce the homicide to manslaughter,[17] in that it contravened the principle enunciated in *In re Winship*[18] that the prosecution prove beyond a reasonable doubt every fact necessary to constitute the crime charged. The state in *Mullaney* argued that the absence of the heat of passion on sudden provocation is not a "fact necessary to constitute the crime" of felonious homicide in Maine, but rather is a fact that comes into play only after the jury has determined that the defendant is guilty and may be punished at least for manslaughter.[19] The Court rejected this contention, stating that the criminal law "is concerned not only with guilt or innocence in the abstract but also with the degree of criminal culpability."[20] And, in language particularly applicable to the instant case, the Court noted that

> if *Winship* were limited to those facts that constitute a crime as defined by state law, a State could undermine many of the interests that decision sought to protect without effecting any substantive change in its law. It would only be necessary to redefine the elements that comprise different crimes, characterizing them as factors that bear solely on the extent of punishment.[21]

---

**12.** 95 U.S.App.D.C. 328, 221 F.2d 883 (1955).

**13.** The court did hold, however, that such an enhanced penalty could not be imposed "in the absence of proof to the trial judge, at or before the time of sentence, that [the defendant] had been previously convicted." *Id.* at 885. *See also Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

**14.** *Jordan v. United States District Court for the District of Columbia, supra,* n. 9, 233 F.2d at 367 (footnote omitted).

**15.** *See United States v. Moore, supra,* n. 2 at 458 (MacKinnon, J., dissenting).

**16.** 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). See Note, "The Constitutionality of Statutes Permitting Increased Sentences for Habitual or Dangerous Criminals," 89 Harv.L. Rev. 356, 369–386 (1975).

**17.** In Maine a murder conviction carries a mandatory sentence of life imprisonment; if the homicide is reduced to manslaughter, however, the maximum term is 20 years.

**18.** 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368, 375 (1970).

**19.** *Mullaney v. Wilbur, supra,* n. 16, 421 U.S. at 697, 95 S.Ct. at 1889, 44 L.Ed.2d at 518.

**20.** *Id.* at 697–698, 95 S.Ct. at 1889, 44 L.Ed.2d at 519.

**21.** *Id.* at 698, 95 S.Ct. at 1889.

The circumstances here are analogous. While characterizing the minority of the recipient as a factor bearing solely on the applicable penalty, § 845(a) clearly reflects the legislature's view of the heightened culpability of one who distributes to a minor. Accordingly, in keeping with the spirit of *Mullaney* and *Jordan,* we hold that the enhanced punishment was improper, and vacate the sentences on counts 16, 17, 18, 20, 21, 23, 24 and 25.

■ The trial judge did not reveal the reasons for imposing the sentences on the "juvenile" counts consecutively to the "adult" count sentences. Unwilling to speculate as to what impact the now-vacated "juvenile" counts might have had on the sentences imposed on the other counts, Judge MacKinnon and the writer think the preferred course is to remand for resentencing on all 22 counts.[22]

Judge McGOWAN dissents from the remand for resentencing of the 14 counts which did not involve sales to minors.

The writer of this opinion also would require, for the reasons stated in his separate statement,[23] that the trial judge articulate the bases for the sentence imposed on remand.

Judge McGOWAN and Judge MacKINNON would not require a statement of reasons.

In Judge MacKINNON's view, "There is no necessity to specify reasons for any sentence that may be adjudged. The reasons inhere in the crimes, the multiplicity thereof and the statutory penalties therefor. Sentencing is not an operation in semantics."

Judge McGOWAN states: "In common with Judge MacKINNON, I see no legal or other necessity to call upon the District Court for the specification of reasons for whatever sentences it may decide on remand to impose on the eight so-called juvenile counts."

*Remanded.*

Separate Statement of Chief Judge BAZELON:

While finding improper the sentences predicated on 21 U.S.C. § 845 under the facts of this case, we have expressed no view on the range of permissible sentences available on remand. It seems clear, however, that the trial court could not, absent an expression of sufficient cause, impose new sentences aggregating more than 45 years, the maximum duration of the aggregate sentence originally imposed.[1] And in my view, serious questions may be presented if it appears that the sentence given on remand may still reflect the legislature's determination to treat more harshly those who distribute to minors (in light of the absence in the indictment of the age of the distributees). I believe that under the circumstances here presented—where the sentence originally employed has been invalidated, at least in part—it is reasonable to require the trial judge to clearly articulate the bases for the disposition.[2]

In addition to the oft-noted salutary purposes generally served by a statement of reasons,[3] exposure of the factors which in-

**22.** *See, e.g., United States v. Diggs,* 173 U.S. App.D.C. 95, 522 F.2d 1310, 1324 (1975); *United States v. Rivera,* 521 F.2d 125, 129 (2d Cir. 1975); *Natarelli v. United States,* 516 F.2d 149, 153 (2d Cir.1975); *James v. United States,* 476 F.2d 936, 937–8 (8th Cir.1973); *McGee v. United States,* 462 F.2d 243, 247 (2d Cir.1972); *United States v. Jasper,* 481 F.2d 976, 979 (3d Cir.1973); *Bryant v. United States,* 135 U.S. App.D.C. 138, 417 F.2d 555, 558 *appeal after remand,* 143 U.S.App.D.C. 53, 442 F.2d 775, *cert. denied,* 402 U.S. 932, 91 S.Ct. 1534, 28 L.Ed.2d 866 *reh. denied,* 402 U.S. 1013, 91 S.Ct. 2194, 29 L.Ed.2d 437 (1971).

**23.** *Infra,* 176 U.S.App.D.C. ——, 540 F.2d pp. 1088–1090.

**1.** *See North Carolina v. Pearce,* 395 U.S. 711, 726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

**2.** *See* cases cited *infra,* n. 8.

**3.** For a discussion of the value of a statement of sentencing rationale, *see, e.g., Dorszynski v. United States,* 418 U.S. 424, 455–457, 94 S.Ct. 3042, 3058–3059, 41 L.Ed.2d 855, 875–876 (1974) (Marshall, J. concurring in result); *United States v. Velazquez,* 482 F.2d 139, 142 (2d Cir.1973); *United States v. Brown,* 479 F.2d 1170, 1172–3 (2d Cir.1973); *United States v. Phillips,* 156 U.S.App.D.C. 217, 479 F.2d 1200, 1202 (1973); Berkowitz, "The Constitutional Requirement for a Written Statement of Reasons and Facts in Support of the Sentencing

form and shape the sentencing decision in a case such as this is "an indispensable aspect of basic fairness."[4]  The burden on remand would be slight;[5] requiring an explanation "is not onerous if the matter [is] dealt with in a conscientious manner  .  .  .."[6]

That requirement here would serve two important purposes.  It would provide the appearance[7] (in addition to the reality) of proper reconsideration of a sentence free from any taint on remand, as well as providing a procedure which comports with the rudimentary demands of fairness.[8]

Decision: A Due Process Proposal," 60 Iowa L.Rev. 205, 208–212 (1974); National Advisory Commission on Criminal Justice Standards and Goals, Report on Corrections, § 5.19 and commentary at 195–196 (1973); Frankel, Criminal Sentences—Law Without Order 39–49 (1972); Goldfarb and Singer, After Conviction 191–195 (1972); American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Appellate Review of Sentences, § 2.3(c) and commentary (e) at 45–47 (App. Draft 1968); American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures, § 5.6(ii) and commentary (b) at 270–271 (App. Draft 1968); Youngdahl, Opening the Sentencing Institute Program, Denver, Colorado, 35 F.R.D. 387, 388 (1964); Wyzanski, "A Trial Judge's Freedom and Responsibility," 65 Harv.L.Rev. 1281, 1292–1293 (1952).

The purposes served by requiring a statement are well summarized in *United States v. Velasquez, supra,* at 142:

Such a procedure would encourage the judge to clarify and justify, in his own mind, the grounds for the sentence he chooses.  As a result, sentencing decisions would tend, on the whole, to be more carefully thought out.  In addition, disclosure of the reasoning underlying a sentencing aids both the defendant and the reviewing court in ascertaining whether the sentence has been based upon improper criteria or erroneous information.  The judge's evaluation of the defendant may also provide some guidance to the correctional authorities in their handling of the prisoner following sentencing.  Finally, publicizing the reasoned basis of a sentence may enhance its legitimacy as perceived by the general public and, hopefully, by the defendant.

**4.**  *United States v. Mason,* 173 U.S.App.D.C. 173, 523 F.2d 1122, 1132 n. 21 (1975) (Bazelon, C. J., concurring in part and dissenting in part).

**5.**  *See James v. United States,* 476 F.2d 936, 937 (8th Cir.1973).

**6.**  *Davis v. Clark,* 131 U.S.App.D.C. 379, 404 F.2d 1356, 1358 (1968) (separate opinion of Tamm, J.).

**7.**  By enhancing the visibility of the sentencing determination, the fair administration of criminal justice is served by promoting the principle that "to perform its high function in the best way 'justice must satisfy the appearance of justice.'  *Offutt v. United States,* 348 U.S. 11,

14 [75 S.Ct. 11, 13, 99 L.Ed. 11] [1954]."  *In Re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 625 (1955).

**8.**  For cases specifically requiring a statement of reasons underlying the sentence, *see McGee v. United States,* 462 F.2d 243, 247 (2d Cir. 1972) ("In this particular case,  .  .  .  it is not improbable that the initial sentencing process with respect to the valid counts was to some extent affected by the conviction on the far more serious count 1, which was illegally brought.  To purge this possible taint after the fact on a Rule 35 motion, we believe the trial judge should either have reduced the sentences on counts 2 through 4 or have given at least a summary explanation of his reasons for declining to do so  .  .  ..  If the original sentences on the valid counts are to stand, we think the latter is the minimum necessary to impart integrity to those sentences  .  .."); *United States v. Latimer,* 415 F.2d 1288, 1290– 1291 (6th Cir.1969) (upon finding that an ex parte communication to the trial judge concerning a possible misfiring of the defendant's gun might have influenced the sentence, the court remanded for resentencing with instructions that "the District Court not consider in any way any information regarding the presence of a misfired cartridge found in Latimer's pistol at the time of his arrest."  The court also directed the district judge, "[i]n order to clarify any doubt that may exist in this connection, .  .  .  to file a statement of his reasons for imposing the sentence which he will give on remand."); *Washington v. Regan,* 373 F.Supp. 1368, 1371 (D.N.J.1974), *vacated* 510 F.2d 1126 (3d Cir.1975) (upon resentencing the defendant as a first offender, the court imposed the same sentence previously imposed on defendant as a multiple offender.  The court held that "[g]iven the articulated state policy of treating multiple offenders more harshly  .  .  .  than other offenders, it is reasonable to require, on the particular facts of this case, that the sentencing judge articulate a basis for the sentence imposed.  This is not to say that the sentencing judge does not have broad discretion to choose between the many sentencing options available, nor should this opinion be read to indicate that the same sentence may not be imposed again upon resentencing.  It is, however, incumbent upon the trial judge to state why the petitioner received the same sentence he received when characterized as a multiple offender, if in fact, there is a basis for doing so."); *cf.*

UNITED STATES of America

*United States v. Bass,* 175 U.S.App.D.C. 282, 290, 535 F.2d 110, 118 (1976). An explicit statement of reasons has also been required where a court denied disclosure of the presentence reports. *See, e.g., United States v. Bryant,* 143 U.S.App.D.C. 53, 442 F.2d 775, 778 (D.C.Cir.), *cert. denied,* 402 U.S. 932, 91 S.Ct. 1534, 28 L.Ed.2d 866, *reh. denied,* 402 U.S. 1013, 91 S.Ct. 2194, 29 L.Ed.2d 437 (1971).

*See also United States v. Donner,* 528 F.2d 276, 279 (7th Cir.1975); *United States v. Cruz,* 523 F.2d 473, 476 (9th Cir.1975); *United States v. Driscoll,* 496 F.2d 252, 254 (2d Cir.1974); *United States v. Velazquez, supra,* n. 3 at 142; *United States v. Brown, supra,* n. 3 at 1173; and *James v. United States, supra,* n. 5 at 937, for the view that trial judges should be encouraged to state openly the factors considered in imposing sentences.