**UNITED STATES of America**

v.

**Thomas W. MOORE, Jr., Appellant.**

**No. 76–1840.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 5, 1977.

Decided July 29, 1977.

Raymond W. Bergan, Washington, D. C., for appellant.

Albert H. Turkus, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Richard A. Graham, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before TAMM, LEVENTHAL and MacKINNON, Circuit Judges.

Opinion for the court PER CURIAM.

PER CURIAM:

Appellant, then a practicing physician, was tried on thirty-eight counts of a 639-count indictment charging the unlawful distribution of methadone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a) (1970). A jury found him guilty on twenty-two of the counts. Pursuant to 21 U.S.C. § 841(b) (1970),[1] the trial court imposed a sentence of imprisonment of five to fifteen years on each of the fourteen counts shown by the evidence to have involved sales to adults, to run concurrently. The trial court also imposed a sentence of ten to thirty years on each of the eight counts which the evidence showed to involve sales to juveniles, to run concurrently with each other but consecutively with the sentences on the "adult" counts. The latter sentence rested on 21 U.S.C. § 845(a) (1970), which provides that the maximum sentences in § 845(b) may be doubled when the sales involved are to persons under the age of twenty-one.[2] Fines totaling $150,000 and a special parole term were also imposed,[3] and appellant's license to practice medicine was revoked pursuant to D.C. Code § 2–131 (1973).

Moore appealed both his conviction and the sentence imposed. This court reversed the conviction, holding that the registry of a licensed physician with the Bureau of Narcotics and Dangerous Drugs precluded prosecution under § 841. *United States v. Moore,* 164 U.S.App.D.C. 319, 505 F.2d 426 (1974). The Supreme Court granted certiorari and reversed this court, holding that registered physicians are subject to prosecution under § 841 when their activities fall outside the proper scope of professional practice. *United States v. Moore,* 423 U.S. 122, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975). It remanded, however, solely for consideration of appellant's challenge to his sentence, which the majority of this court had not reached before.

On remand, appellant pressed his argument that the trial court, in assessing a

---

1. 21 U.S.C. § 841(b)(1)(A) (1970) provides:

    Except as otherwise provided in section 845 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:

    (1)(A) In the case of a controlled substance in schedule I or II which is a narcotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both. If any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 30 years, a fine of not more than $50,000, or both. Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term of at least 6 years in addition to such term of imprisonment.

2. 21 U.S.C. § 845(a) provides:

    (a) Any person at least eighteen years of age who violates section 841(a)(1) of this title by distributing a controlled substance to a person under twenty-one years of age is (except as provided in subsection (b) of this section) punishable by (1) a term of imprisonment, or a fine, or both, up to twice that authorized by section 841(b) of this title, and (2) at least twice any special parole term authorized by section 841(b) of this title, for a first offense involving the same controlled substance and schedule.

3. Fines assessed were $5,000 on each of the "adult" counts and $10,000 on each of the "juvenile" counts. A special parole term of twelve years was also imposed on each count, to run concurrently. An additional prison term of three months was imposed for appellant's contempt of court in violating the conditions of his release.

sentence of ten to thirty years on the "juvenile" counts, had improperly relied upon § 845(a) in doubling the sentence of imprisonment imposable under § 841(b). This court agreed with appellant, concluding that § 845(a) is applicable only where the sales to minors are specifically charged in the indictment and proven at trial. Since these conditions had not been satisfied, we vacated the sentences on the eight "juvenile" counts. *United States v. Moore,* 176 U.S.App.D.C. 309, 312, 540 F.2d 1088, 1091 (1976). In addition, because the trial court had not revealed the reason for imposing sentence on these counts consecutive to those on the "adult" counts or "what impact the now-vacated 'juvenile' counts might have had on the other counts," this court remanded for resentencing on all twenty-two counts.[4]

Before the district court on remand, the Government argued:

We would urge the Court to again consider the imposition of consecutive sentences. We feel after pursuing all the relevant case law, that it would be permissible for this Court to impose a sentence up to as much as fifteen to forty-five years, without this Court stating any reasons whatsoever for the imposition of such a sentence. *But if the Court feels that that sentence was in part imposed by the Court because of the nature of the sales to minors,* then we would urge this Court to impose a sentence of ten to thirty years, making some of the sentences consecutive to others.

Resentencing Tr. 10–11 (emphasis added). The district court elected to follow this advice in part. The court reimposed the original concurrent sentence of five to fifteen years on each of the first fourteen counts, with a fine of $5,000 on each count. On the eight counts upon which sentence had been vacated, however, the court imposed a sentence of three to nine years, again concurrent with each other and consecutive to the term of imprisonment on the other fourteen counts. No fine was as-

sessed on these counts. A special parole term was again imposed and appellant's license to practice medicine was again revoked. The court declined to explain the reason for the new sentence:

Well naturally, I have been giving a great deal of thought to this. I am not going to state all my reasons one way or another. I simply want to tell you and your attorney that I have given very heavy thought to the matters that were mentioned here today, most of which the Court had well in mind before coming on the bench.

Resentencing Tr. 13.

When pressed by appellant for a further reduction in sentence, the court refused and reiterated that he did not desire to explain the reasons for the sentence in detail, but added:

I have viewed this case, however, and I still view it as the most heinous and serious criminal case that has come before the Court since I have been on the bench. I have not changed that view. I have made this adjustment from a sentence which you previously had of fifteen to forty-five years to eight to twenty-four years, having in mind what has occurred and the manner in which you have approached your service during incarceration. But I cannot get out of my mind the facts that were disclosed and of which you were found guilty, the tragedy that you have imposed on *many fine young people and families in this community.*

I believe that deterrence and punishment are appropriate in certain cases and I believe yours is such a case.

Resentencing Tr. 14 (emphasis added).

Appellant now contends that these statements by the trial court, together with the argument by the Government upon which it acted, indicate that the trial court in resentencing appellant still relied impermissibly upon the "juvenile" nature of the eight counts. He concludes his argument:

---

4. *Id.* One member of the panel would have required the trial judge, on remand, to articulate the reasons for the new sentence imposed. 176 U.S.App.D.C. at 312–13, 540 F.2d at 1091–

92 (separate statement of Bazelon, C. J.). The other members of the panel saw no need for such a requirement. 176 U.S.App.D.C. at 312, 540 F.2d at 1091.

The same logic which would require both pleading and proof of the juvenile status of distributees before punishment can fairly be enhanced pursuant to Section 845 of the Controlled Substances Act should require proof before consecutive sentence could be imposed thereon.

Appellant Br. 9. It is unclear whether appellant advances this broad proposition as the general state of the law or instead suggests it as applicable on the unique procedural record in this case in support of the conclusion that the new sentence amounted to an abuse of the district court's discretion. However appellant's argument is construed, we conclude that it is without merit.

■ Appellant concedes that a district court has broad discretion in fixing sentences. The sentences imposed by the district court on remand on each of the "adult" counts were within the maximum sentences permissible under § 841(b)(1)(A), while the sentences imposed on the so-called "juvenile" counts, three to nine years with no fine, were far below the § 841(b) maximum of five to fifteen years and a fine of $25,000. Thus no challenge can be made to the individual sentences, and appellant makes none.

■ It is well established that a district court in a narcotics case may in its sound discretion make some sentences consecutive to others. *See Gore v. United States,* 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958)[5]; *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Cf. Ingram v. United States,* 122 U.S.App.D.C. 334, 336, 353 F.2d 872, 874 (1965). We find nothing in the record that casts any doubt on the soundness of the district court's exercise of discretion in setting some of the sentences as consecutive to others. A fair reading of the remarks of the Government and of the district court at the resentencing hearing does not indicate that the court acted improper-

ly. The Government argued that the district court could permissibly impose a total sentence up to the maximum of the sentences originally imposed. It suggested, however, that in view of the nature of the remand, the district court might wish to reduce the total term of imprisonment to some degree. The district court agreed with this suggestion, and imposed a total sentence even shorter than that suggested by the Government. Far from indicating that the district court abused its discretion, this sequence of events shows good faith on the part of the district court in complying with this court's remand order. The district court's additional remarks when pressed by the appellant indicate only that the court regarded appellant's crimes, in the light of evidence adduced at trial, to be unusually serious. They in no way show any impermissible reliance upon § 845 or any abuse of sentencing discretion. Even though the judge was not entitled to have recourse to the provisions of § 845(a), because sales to minors had not been specifically charged and proved, he was entitled to take into account the juvenile nature of the victims, and hence the seriousness of the crimes, in deciding at what point to fix the sentence under § 841(b) and whether to make some of the sentences consecutive. Therefore, we affirm the judgments of conviction in all respects.

*Judgment accordingly.*

**5.** The dissenters in *Gore* objected only to the imposition in that case of consecutive sentences based on a *single transaction* that violated several statutes. *See* 357 U.S. at 393, 395, 397, 78 S.Ct. 1280 (Warren, C. J., Douglas, J., and Brennan, J., dissenting). In the present case, the twenty-two counts rest on separate transactions.