**Andrew FIELDS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 86–503.**

District of Columbia Court of Appeals.

Argued March 17, 1988.
Decided Aug. 22, 1988.
As Amended Aug. 30, 1988.

Peter H. Meyers, Washington, D.C., appointed by this Court, for appellant.

Sharon A. Sprague, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty. at the time the brief was filed, and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before MACK, BELSON and ROGERS, Associate Judges.

ROGERS, Associate Judge:

Appellant Andrew Fields appeals from his convictions by a jury of robbery of a senior citizen, D.C.Code §§ 22–2901, –3901 (1987 Supp.), and carrying a dangerous weapon. *Id.* § 22–3204. He contends that the senior citizen penalty enhancement provided by § 22–3901 creates an unconstitutional presumption in violation of due process and, alternatively, that the trial court's denial of his request for an evidentiary hearing at sentencing in order to establish his reasonable belief that the victim was not sixty years old at the time of the offense violated his fifth amendment privilege against self-incrimination. We hold that the senior citizen penalty enhancement statute does not violate due process. We further hold as a matter of statutory interpretation that evidence relating to the affirmative defense to the enhanced penalty is to be presented at sentencing, and thus do not reach appellant's fifth amendment claim. Finally, we hold that the denial to appellant of the opportunity to present his affirmative defense at sentencing was harmless. Accordingly, we affirm.

## I.

The evidence presented at trial showed that on February 11, 1985, the victim, who testified that she was then sixty years old, was leaving her job at the United States Environmental Protection Agency. As she walked from the building, a man later identified as appellant grabbed her purse. The victim refused to let go and began screaming for help. Appellant punched her in the nose and mouth and knocked her to the ground. Appellant was then able to wrest the purse from the victim and began to walk away from the scene. A number of passersby observed the attack upon the victim and were successful in overtaking appellant and recovering the victim's purse. One of the witnesses positively identified appellant at trial as the man who had attacked the victim. Appellant presented an alibi defense based upon the testimony of his aunt and his cousin.

Prior to sentencing, but after the jury returned its verdict, appellant filed a motion challenging the constitutionality of D.C.Code § 22–3901 (1987 Supp.), which allows imposition of an enhanced penalty on a defendant who is convicted of committing certain crimes against a person who is sixty years of age or older. Appellant also requested that the judge hold a hearing at which appellant could present evidence that he reasonably believed that the victim was under sixty years of age at the time he committed the offense. The judge rejected appellant's challenge to the constitutionality of the statute and denied his request for an evidentiary hearing on the ground that the victim's age and the affirmative defense provided under § 22–3901(c) were matters for proof at trial.

Appellant, for whom the government had filed an information under D.C.Code § 22–104a (1981) regarding his prior felony convictions, was sentenced to five to fifteen years imprisonment for robbery of a senior citizen and eighteen to twenty-four months, to run consecutively, for carrying a dangerous weapon.

## II.

Appellant contends that the senior citizen penalty enhancement statute, D.C.Code § 22–3901,[1] denies due process of law because it creates an unconstitutional presumption that a person who is sixty years of age will reasonably appear to be that age. He also contends that the statute violates his fifth amendment privilege against self-incrimination unless he can present evidence relating to the affirmative defense at the time of sentencing. We disagree with his due process claim and do not reach his fifth amendment claim since we construe the statute to provide an affirmative defense to the enhanced penalty and not to the charged offense.

### A. *Due Process of Law*

In *Tot v. United States*, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943), the Supreme Court held that

a statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience. This is not to say that a valid presumption may not be created upon a view of relation broader than that a jury might take in a specific case. But where the inference is so strained as not to have a reasonable relation to the circumstances of life as we know them, it is not competent for the

---

1. D.C.Code § 22–3901 (1981) provides:
   **Enhanced Penalty**
   (a) Any person who commits any offense listed in subsection (b) of this section against an individual who is 60 years of age or older, at the time of the offense, may be punished by a fine of up to 1½ times the maximum fine otherwise authorized for the offense and may be imprisoned for a term of up to 1½ times the maximum term of imprisonment otherwise authorized for the offense, or both.

(b) The provisions of subsection (a) of this section shall apply to the following offenses: Robbery, attempted robbery, theft, attempted theft, extortion, fraud in the 1st degree, and fraud in the 2nd degree.
(c) It is an affirmative defense that the accused knew or reasonably believed that the victim was not 60 years of age or older at the time of the offense.

legislature to create it as a rule governing procedure of courts. 319 U.S. at 467–68, 63 S.Ct. at 1244–1245 (footnote omitted). Thus, in *Leary v. United States*, 395 U.S. 6, 52–53, 89 S.Ct. 1532, 1556–57, 23 L.Ed.2d 57 (1969), on which appellant principally relies, the Court struck as violative of due process a statutory presumption whereby proof of possession of marijuana was sufficient to prove that the possessor knew of its unlawful importation. The senior citizen penalty enhancement statute suffers from no similar infirmity.

Section 22–3901(a) provides that the trial judge may impose an enhanced sentence whenever the victim of certain enumerated crimes is sixty years of age or older. The applicability of the enhancement provision is not dependent on the appearance of the victim. Rather, the statute makes plain that the enhanced sentence is available to the trial judge whenever the victim is over a certain age.

The statute provides a defendant with an affirmative defense upon a showing that the defendant "knew or reasonably believed that the victim was not 60 years of age or older at the time of the offense." D.C.Code § 22–3901(c), *supra* note 1. In providing the affirmative defense, the Council of the District of Columbia placed the burden upon the defendant to raise the defense and to present evidence in support of it, but left the ultimate burden of proof on all elements of the offense with the government. COUNCIL OF THE DISTRICT OF COLUMBIA, REPORT OF THE COMMITTEE ON THE JUDICIARY, BILL NO. 4–133, at 20 (June 1, 1982) (COMMITTEE REPORT); D. CLARKE, CHAIRMAN OF THE COMMITTEE ON THE JUDICIARY, EXTENSION OF COMMENTS ON BILL NO. 4–133, at 75 (July 20, 1982) (CLARKE). Under *Patterson v. New York*, 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977), it is clear that the government is not constitutionally required to prove the nonexistence of this affirmative defense.

Appellant's reasonable belief that the victim was less than sixty years old would not serve to negate any facts necessary for his conviction under § 22–3901. In order to convict appellant of the charged offense, the government was required to prove the elements of robbery and the fact that the victim was sixty years of age or older at the time of the crime. Even if appellant had been successful in presenting his affirmative defense, it would not have negated any of the elements of the offense proved by the government. Instead, appellant would simply have avoided receiving an enhanced punishment for the crime of which he was convicted. Accordingly, we hold that the senior citizen penalty enhancement statute does not contain an unconstitutional presumption and that appellant was not deprived of due process of law because the statute required him to assert and prove his reasonable belief that the victim was less than sixty years of age.

### B. *Presentation of the Affirmative Defense*

■ The question remains whether the trial court erred in ruling that appellant was required to raise the affirmative defense under § 22–3901 at the time of trial. This is a question of first impression. Indeed, this court has not previously determined the stage of the proceedings at which evidence relating to the age of the victim under § 22–3901(a) must be presented. We address this latter question first.

1. *The age of the victim.* In *Driver v. United States*, 521 A.2d 254 (D.C.1987), the first time an indictment including § 22–3901 enhancement was before the court, it was unnecessary to decide whether the element of the victim's age is required to be included in the indictment charging an offense under § 22–3901. 521 A.2d at 255 n. 1. This court has, however, determined with respect to other statutes providing for enhanced penalties whether a statutory provision constituted an element of the offense which must be alleged in an indictment and proved at trial. In *Smith v. United States*, 304 A.2d 28 (D.C.), *cert. denied*, 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973), the court held that the enhanced penalties for repeat offenders under D.C.Code §§ 22–104 and 23–111 (1972 Supp.) did not form a part of the offense itself. 304 A.2d at 31–32. Similarly, in

*Tansimore v. United States*, 355 A.2d 799 (D.C.1976), the court held that the enhanced penalties for persons committing crimes while on pre-trial release under D.C. Code § 23–1328 (1973) did not create a new and separate crime but rather pertained only to the question of punishment. 355 A.2d at 803. *But see Speight v. United States*, No. 85–385, slip op. at 15, 21–22 (D.C. Dec. 9, 1987) (suggesting the infirmity of *Tansimore*'s reliance on a flawed analogy between the bail release statute and repeat offender statutes) (dictum), *reh'g en banc granted*, No. 85–385 (D.C. June 1, 1988).

In *United States v. Moore*, 176 U.S.App. D.C. 309, 540 F.2d 1088 (1976), *appeal after remand*, 183 U.S.App.D.C. 461, 564 F.2d 482 (1977), the United States Court of Appeals for the District of Columbia Circuit was presented with a question that is strikingly similar to the one now before us. In that case, the defendant had been convicted of twenty-two counts of unlawful distribution of a controlled substance under 21 U.S.C. § 841(a) (1970). He received enhanced sentences on a number of counts pursuant to 21 U.S.C. § 845(a), which provided for increased penalties for persons convicted of selling controlled substances to minors. The defendant appealed his sentences on the ground that there had been neither a charge of distribution to minors nor a finding to that effect. The court held that the age of the distributee was an element of the offense and therefore had to be alleged in the indictment before an enhanced sentence could be imposed under 21 U.S.C. § 845(a). *Moore, supra*, 176 U.S. App.D.C. at 311, 540 F.2d at 1090. The court distinguished cases in which it had held that where the prosecution sought enhanced penalties for defendants previously convicted of other offenses the prior convictions need not be charged in the indictment. A previous conviction was merely "an historical fact," as a result of which the penalty may appropriately be made more severe because of the demonstrated proclivities of the defendant. On the other hand, where the aggravation arises from the manner in which the crime was committed, in substance a different aspect of the offense is sought to be punished.

*Id.* at 311, 540 F.2d at 1090 (quoting *Jordan v. United States District Court*, 98 U.S.App.D.C. 160, 165, 233 F.2d 362, 367, *vacated on other grounds*, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114 (1956)). The court held that the age of the distributee would more properly be classified as "an aggravation arising from the manner in which the crime was committed" and therefore was an element of the crime which must be charged in the indictment. *Moore, supra*, 176 U.S.App.D.C. at 311, 540 F.2d at 1090. In the court's view, although § 845(a) characterized the age of the distributee as a factor bearing solely on the penalty to be imposed, it reflected a legislative judgment that heightened culpability attached to one who distributed narcotics to a minor. *Id.* at 312, 540 F.2d at 1091. *See also Mullaney v. Wilbur*, 421 U.S. 684, 696–98, 95 S.Ct. 1881, 1888–89, 44 L.Ed.2d 508 (1974).

The analysis in *Moore* is persuasive here. Like the age of the distributee under 21 U.S.C. § 845(a), the age of the victim under D.C.Code § 22–3901 is more appropriately deemed an aggravation arising from the manner in which the crime is committed than a mere historical fact. Accordingly, we hold that the age of the victim under § 22–3901 is an element of the offense which must be alleged in the indictment and is thus a matter for proof at trial.

■ 2. *The affirmative defense.* Appellant's fifth amendment attack on the senior citizen penalty enhancement statute is based on his contention that requiring him to raise the affirmative defense at trial would deny him his fifth amendment right against self-incrimination since his defense to the charge of robbery was alibi and misidentification. Evidence concerning his reasonable belief about the victim's age would, he argues, have been entirely inconsistent with his defense theory, and, therefore, a requirement that the affirmative defense be raised at trial would coerce him into taking the stand in order to assert the affirmative defense. In essence, he claims that he could not credibly argue, "I wasn't there," while at the same time arguing,

"She didn't look sixty to me." Appellant's fifth amendment claim is seemingly troubling,[2] but it is illusory in view of our interpretation of the statute.

As we construe the statute,[3] the Council of the District of Columbia intended to authorize the imposition of an increased penalty for certain crimes committed against persons aged sixty and older while permitting a defendant to avoid the enhanced penalty upon showing a reasonable belief the victim was under sixty years of age at the time of the offense. The statute provides for a punishment

> by a fine of up to 1½ times the maximum fine otherwise authorized for the offense and may be imprisoned for a term of up to 1½ times the maximum term of imprisonment otherwise authorized for the offense, or both.

§ 22–3901(a), *supra* note 1. The specific offenses to which the punishment applies are then listed, § 22–3901(b), and the last subsection provides for an "affirmative defense," § 22–3901(c). While the statutory use of the term "affirmative defense" is imprecise, not referencing either subsection (a) or subsection (b) of the statute and is usually associated with a defense to a charge,[4] we conclude that the statute and the legislative history leave little doubt that the Council envisioned in efforts on behalf of senior citizens to include a provision for a defense to the increased punishment for certain offenders under subsection (a) and not a new defense to the offenses listed in subsection (b).

The senior citizen provision was Title II of the Council's comprehensive revision of the law relating to theft and white collar crime, the District of Columbia Theft and White Collar Crime Act of 1982.[5] Title II is entitled "Enhanced Penalty," and the only provision in the title is Section 201, which, in turn, is entitled "Enhanced Penalty—Senior Citizen Victims." COUNCIL OF THE DISTRICT OF COLUMBIA, BILL 4–133 AS REPORTED, AN AMENDMENT IN THE NATURE OF A SUBSTITUTE, at 21. (Comm. Print June 1, 1982). Section 201 is now codified as Chapter 39 (Crimes Committed Against Senior Citizen Victims), which contains a single section, § 22–3901, entitled "Enhanced Penalty."

The legislative history described Title II of the proposed legislation as "provid[ing] an enhanced penalty for those who steal from senior citizens." CLARKE, *supra*, at 73. The Committee Report points to specific reasons why elderly victims of theft and related crimes are distinctive, and concludes that "special protections for the elderly, such as the enhanced penalty for

---

2. *See McGautha v. California*, 402 U.S. 183, 214, 91 S.Ct. 1454, 1470–71, 28 L.Ed.2d 711 (1971) ("It is undeniably hard to require a defendant on trial for his life and desirous of testifying on the issue of punishment to make nice calculations of the effect of his testimony on the jury's determination of guilt."); *Corbitt v. New Jersey*, 439 U.S. 212, 218, 99 S.Ct. 492, 497, 58 L.Ed.2d 466 (1978) ("not every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such right, is invalid."); *Crampton v. Ohio*, 402 U.S. at 216–17, 91 S.Ct. at 1471–1472, decided together with *McGautha v. California, supra* (rejecting the suggestion that the fifth amendment privilege against self-incrimination was offended where the defendant in a capital case could remain silent on the issue of his guilt only at the expense of surrendering any chance to testify on the issue of punishment).

3. Our task in construing a statute is "to ascertain and give effect to the legislative intent and to give legislative words their natural meaning." *Rosenberg v. United States*, 297 A.2d 763, 765 (D.C.1972). In so doing, we must construe the statute in the context of the entire legislative scheme, *Floyd E. Davis Mortgage Corp. v. District of Columbia*, 455 A.2d 910, 911 (D.C.1983), and we may look to the legislative history for guidance even when the statute appears clear upon superficial examination. *Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 754 (D.C.1983) (en banc).

4. *See, e.g., Jenkins v. United States*, 506 A.2d 1120, 1123 (D.C.1986) (consent is affirmative defense to rape) (dictum). *See* Super.Ct.Crim.R. 12(b) & (f) (defenses must be raised prior to trial; waiver). *See also* Super.Ct.Civ.R. 8(c) (pleading of affirmative defenses in civil proceedings).

5. This legislation was an outgrowth of the work of the District of Columbia Law Revision Commission. *Law Revision Commission's Reported Revisions of the New Basic Criminal Code for the District of Columbia: Hearings Before the Subcomm. on the Judiciary of the House Comm. on the District of Columbia*, 95th Cong., 2d Sess. 2–72 (1978).

those who steal from senior citizens provided in Title II of this bill, are needed." COMMITTEE REPORT, *supra*, at 7–8 (citations to source materials omitted). The legislative history also refers to a 1977 California statute that provides a "separate penalty provision for those who commit crimes against senior citizens" that has been upheld as constitutional. CLARKE, *supra*, at 73 (citing CAL.PENAL CODE § 1203.09 and *People v. Peace*, 107 Cal.App.3d 996, 1004, 166 Cal.Rptr. 202, 207 (1980) (equal protection)). No suggestion appears in the legislative history that Section 201 purports to create a separate crime. *Cf. Peace, supra*, 107 Cal.App.3d at 1003–04, 166 Cal.Rptr. at 207. Instead, the statutory language and the legislative history uniformly [6] reflect a clear intent to provide an affirmative defense to the enhanced penalty and not to provide a defense to the charged offense.

From our interpretation of the statute it necessarily follows that evidence relating to the affirmative defense is relevant only to the question of whether a defendant will be subject to the enhanced penalty.[7] *See Driver, supra*, 521 A.2d at 225 n. 1 (on the face of the statute, the trial court has discretion to apply or ignore enhancement under § 22–3901). Since sentencing is a matter solely for the trial judge, there is no reason for the evidence relating to the defendant's reasonable belief to be presented to the jury or to the judge sitting in the capacity as the trier of fact for purposes of conviction. This procedure is not only consistent with the legislative intent, but also avoids the dilemma presented to a defendant when proof of the statutory affirmative defense at trial would be irreconcilable with or otherwise weaken the defendant's defense to the charges. Permitting the defendant to present evidence at the time of sentencing and the sentencing judge to make findings as a predicate to imposing a sentence already occurs under several other District of Columbia statutes.[8] Of course nothing need prevent presentation of evidence relating to the affirmative defense immediately after the adjudication of guilt or before the date on which sentence is to be imposed, and such a procedure might well prove most convenient for the defendant as well as the victim, who, along with other relevant witnesses, thereby could avoid another appearance in court at the time of sentencing. Such decisions are for case by case determinations, however, and need not concern us now.

■ Accordingly, we hold that the trial judge erred in denying defendant an opportunity to present his affirmative defense under the statute at the time of sentencing. We further hold, however, that the error was harmless, *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90

---

6. The Chairman of the Council Committee on the Judiciary did make a possibly ambiguous reference when he stated that the affirmative defense is

> an affirmative defense to a charge brought under this section. In accordance with this section, it is an affirmative defense that the offender knew or had reason to believe that the victim was not 60 years of age or older at the time of the offense. As with other affirmative defenses, the burden is upon the defendant to raise the defense and go forward with evidence with respect to the defense. Naturally, the prosecution retains the ultimate burden of proof.

CLARKE, *supra*, at 75. But see Part II A, *supra*.

7. In view of our disposition we need not address the question of the quantum of evidence required to establish the affirmative defense. *See People v. Peace, supra*, 107 Cal.App.3d at 1003, 166 Cal.Rptr. at 206. *See also Patterson v. New*

*York, supra*, 432 U.S. at 207–10 nn. 10 & 11, 97 S.Ct. 2325–27 nn. 10 & 11 (various standards in different jurisdictions).

8. *See, e.g., Grant v. United States*, 509 A.2d 1147, 1154 (D.C.1986) (D.C.Code § 33–541(c)(2) (Supp.1985) (addict exception to mandatory minimum sentence under § 33–541(c)(1), (3)); *United States v. Williams*, 157 U.S.App.D.C. 355, 356–57, 484 F.2d 835, 836–37 (1973) (addict exception under Medical Narcotic Addiction Rehabilitation Act); *Tansimore, supra*, 355 A.2d at 804 (bail release status). *See also Dorszynski v. United States*, 418 U.S. 424, 443–44, 94 S.Ct. 3042, 3052–53, 41 L.Ed.2d 855 (1974) ("no benefit" finding required regarding Federal Youth Corrections Act); *Specht v. Patterson*, 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326 (1967) (Colorado sexual psychopath statute permanently enhanced sentence upon finding by sentencing judge that defendant is a threat to public or habitual offender and mentally ill).

L.Ed. 1557 (1946), and accordingly affirm the judgment.[9] Appellant's consecutive sentences of five to fifteen years for robbery of a senior citizen and eighteen to twenty-four months for carrying a dangerous weapon are within the usual maximum sentence to which he was subject, absent enhancement. For his conviction of robbery, he faced imprisonment for a maximum of fifteen years, D.C.Code § 22–2901, and because of his prior felony convictions he also was subject to life imprisonment, the government having filed an information prior to trial under D.C.Code § 22–104a. Nothing in the record suggests that appellant's sentence would have differed had the trial judge found that appellant reasonably believed the victim was not sixty when he robbed her. At allocution, D.C.Code § 23–103 (1981), appellant denied robbing the victim and carrying the knife with the intent to do "violent harm to anybody with it at that time or any other time."[10]

---

**9.** Appellant's other contentions are without merit. The trial judge did not abuse his discretion in allowing the prosecutor to question the alibi witnesses about their knowledge of appellant's escape status during the period that he lived with them. *Jones v. United States,* 516 A.2d 513, 517 (D.C.1986) (bias); *Robinson v. United States,* 513 A.2d 218, 221 (D.C.1986) ("[i]f evidence is otherwise relevant, the fact that it may tend to suggest other criminal activity by the defendant does not necessarily make it inadmissible."). The questions were asked following approval by the judge who also instructed the jury, after the first alibi witness' denial of knowledge, that the prosecutor's question about appellant's escape status was not evidence. Finally, there is no basis for appellant's assertion that the trial court's constant "tilting" toward the prosecutor deprived him of a fair trial. *Robinson, supra,* 513 A.2d at 221–22.

**10.** Appellant's contention that the case must be remanded for resentencing because the government provided the trial judge with inaccurate and highly prejudicial information concerning other offenses committed by appellant is meritless. The judge was fully advised of the status of the two incidents and of appellant's claims of innocence and the judge did not rely on the two incidents in pronouncing sentence. *See Williams v. United States,* 427 A.2d 901, 904 (D.C.1980), *cert. denied,* 450 U.S. 1043, 101 S.Ct. 1763, 68 L.Ed.2d 241 (1981); *United States v. Campbell,* 221 U.S.App.D.C. 367, 378, 684 F.2d 141, 152 (1982). Nor is this a case in which a remand for resentencing is required because the judge's sentence reflects a sentencing scheme which might be upset in view of the result of the appeal of the conviction. *See, e.g., McPhaul v. United States,* 452 A.2d 371, 374 (D.C.1982).